## DOLESE BROS. CO. v. CHANEY & RICKARD *et al.*

No 3521.  Opinion Filed December 8, 1914.

Rehearing Denied January 30, 1915.

(145 Pac. 1119.)

1.  **PRINCIPAL AND SURETY—Contracts of Suretyship—Construction.**  Under section 2961, St. Okla. 1890 (section 1053, Rev.

Laws 1910), the same rules of interpretation apply to contracts of suretyship as to other contracts.

2. **SAME.** After a contract of suretyship is interpreted and the intelligible meaning of its language is ascertained, it will be construed and applied strictly in favor of the surety and without allowance of an implication against him.

3. **SAME—Liability of Surety.** A surety is not bound beyond the express terms of his contract.

4. **SAME.** A surety for a single individual is not liable for any association of several of which such single individual is a member, nor is a surety for several liable for one of them individually.

5. **MUNICIPAL CORPORATIONS—Sidewalks—Contractor's Bond —Enforcement.** A provision in a bond to a city given by a principal to obtain a license, required by an ordinance, to construct sidewalks therein, that such principal shall pay for material, is valid and enforceable by any person furnishing material used in the construction of such sidewalks by such principal under such license.

6. **SAME—Common Law.** Under the common law, a contractor's bond to a city for the construction of sidewalks may provide that he shall pay for all labor and material used therein.

7. **SAME—Construction of Sidewalks—Contractor's Bond—Necessity.** Under section 4541, St. Okla. 1893 (section 3881, Rev. Laws 1910), any public officer entering into a contract, in any sum exceeding $100, for the construction of any public improvement, is required to take from the party contracted with a bond conditioned that such contractor shall pay all indebtedness incurred for labor or material furnished and used in constructing such improvements.

8. **SAME—Payee.** Under section 4541, St. Okla. 1893 (section 3881, Rev. Laws 1910), the fact that the municipality, instead of the state of Oklahoma, is named as payee in the bond thereby required will not invalidate such bond.

9. **SAME—Liability.** Where C. has the requisite license to engage in the business of constructing sidewalks in a city, to procure which he has paid the fee and given the bond required by the city ordinance, which bond contains a provision that he shall pay for all labor and material, although such provision is not required by such ordinance, and where C. and R. subsequently enter into a contract with such city for the construction of such sidewalks under such license and bond therefor, to which license and bond such contract specifically refers as a basis therefor, and where C. and R. thereupon give another bond, with the same sureties who are upon C.'s individual bond, for the faithful performance of their said contract, but which does not contain a provision that they shall pay for all labor and

material, both such bonds and such contract will be interpreted together with due regard to such license, and C. alone will be deemed the principal contractor in relation to such city and the public, including all persons furnishing C. and R. material used in the construction of such sidewalks, and the sureties upon such bonds will be liable as such to such person for material so furnished and used in the construction of such sidewalks.

(Syllabus by Thacker, C.)

*Error from Superior Court, Garfield County;*

*Dan Huett, Judge.*

Action by the Dolese Bros. Company, a corporation, against J. W. Chaney and C. E. Rickard, partners doing business as Chaney & Rickard, A. H. Reed and C. E. Dawkins, on contractor's bonds for material furnished and used in construction of sidewalks. Judgment for plaintiff against Chaney & Rickard for amount sued for, and judgment for defendants A. H. Reed and C. E. Dawkins, who were sureties on said bonds, from which adverse judgment plaintiff brings error. Reversed and remanded.

*H. Z. Wedgwood,* for plaintiff in error.

*Chalmers B. Wilson,* for defendant in error Reed.

*W. H. Hills,* for defendant in error Dawkins.

Opinion by THACKER, C.  Plaintiff in error was plaintiff and defendants in error were defendants in the trial court.

The essential facts, when not stated, are necessarily presupposed by this opinion, and will therefore be understood. There was error in the sustention of the demurrer of the defendants A. H. Reed and C. E. Dawkins to the plaintiff's petition, the pertinent allegations of said petition being, in substance, as follows:

(1) That these two defendants are sureties upon the bond of J. W. Chaney as a licensed sidewalk constructor in the city of Enid (since in May, 1910), conditioned that the said J. W. Chaney "shall perform his duties as sidewalk contractor, in com-

pliance with the existing ordinance, and maintain all sidewalks constructed by him for a period of one year from the date of the approval of the sidewalk inspector, except against unavoidable casualty, *and shall pay for all labor and material,"* which bond was given, and a license fee of $50 paid, as a condition precedent to such license under Ordinance No. 463 of said city; (2) that on August 27, 1910, said J. W. Chaney and C. M. Rickard entered into a contract with said city, predicated upon and referring to said license and bond as authority therefor, for the construction of certain sidewalks in said city, and undertaking to "furnish all the material, tools, and labor, and all the work * * * at his (their) own expense, according to the specifications of the city engineer, * * * and * * * with the provisions of said Ordinance No. 463, * * * the work to be first-class in every particular, * * *" and the contract further providing that the contractor "will faithfully perform the work * * * and protect the city and all property owners interested against loss or damage by reason of the negligence or improper execution of the work upon said improvement"; (3) that on September 27, 1910, the said J. W. Chaney and C. M. Rickard gave the said city their bond, with the defendants A. H. Reed and C. E. Dawkins as sureties, conditioned that said Chaney & Rickard "shall well and truly perform the provisions of" their contract; (4) that plaintiff sold and delivered to said Chaney & Rickard, to be used, as the same was, in the construction of said sidewalks, certain crushed limestone at the agreed price of and worth $749.48, upon which a balance of $369.18, with interest thereon from November 11, 1910, at 6 per cent. per annum, remains unpaid; and (5) that by reason of said bonds the said A. H. Reed and C. E. Dawkins are liable to plaintiff for said balance and are estopped from denying such liability.

It appears to be conceded that neither C. M. Rickard nor Chaney & Rickard had license to construct sidewalks in said city, and that said Ordinance No. 463 required that "any person, persons, firm or corporation desiring to engage in the business of sidewalk construction" within said city should first obtain a license upon application in writing, payment of $50 as a fee, and

giving a bond in the sum of $1,000, which bond was required by said ordinance (in accord with Sess. Laws 1907-08, p. 171; section 623, Rev. Laws 1910) to be conditioned as said Chaney bond was, except that the italicized provision was not required by said. ordinance or said statute.

However, it appears that said italicized provision in the Chaney bond was permissible under the general law, so that parties furnishing Chaney material would be entitled to recover thereon (4 McQuillan, Municipal Corporations, sec. 1960, p. 4206; *State ex rel. v. Liebes,* 19 Wash. 589, 54 Pac. 26); and it also appears that such provision is in accord with the general duty of officers (seemingly including city officers) in taking bonds for the construction of sidewalks under section 4541, St. Okla. 1893 (section 3881, Rev. Laws 1910), it being immaterial that the state is not named as obligee therein (*Thompson v. Grider Implement Co.,* 36 Okla. 165, 128 Pac. 267).

As neither the contract of August 27, nor the bond of September 27, 1910, requires payment for labor or material, the plaintiff cannot, of. course, recover alone upon this bond; and, if it may recover at all, it must be by virtue of such provision in J. W. Chaney's individual bond of May 24, 1910, and its recognition by the Chaney & Rickard contract and bond.

In interpreting the terms of a contract of suretyship, the same rules will be observed as in the case of other contracts (section 2961, St. Okla. 1890; section 1053, Rev. Laws 1910); but, after being so interpreted, and the intelligible meaning of its language is ascertained, the same will be construed and applied strictly, in favor of the surety, and so as to not allow any implication against him (*Lamm v. Colcord,* 22 Okla. 493, 98 Pac. 355, 19 L. R. A. [N. S.] 901; *Eager et al. v. Seeds et al.,* 21 Okla. 524, 96 Pac. 646; *Penny v. Richardson et al.,* 12 Okla. 256, 71 Pac. 227; *Lowe et al. v. City of Guthrie,* 4 Okla. 287, 44 Pac. 198).

A. H. Reed and C. E. Dawkins, being sureties, are not bound beyond the express terms of their contract. Section 2960, St. Okla. 1890 (section 1052, Rev. Laws 1910); *Lamm v. Colcord,*

*supra; Eager et al. v. Seeds et al., supra; Penny v. Richardson, supra; Lowe et al. v. City of Guthrie, supra.* Also see section 2961, St. Okla. 1890 (section 1053, Rev Laws 1910) ; section 2965, St. Okla. 1890 (section 1057, Rev. Laws 1910) ; *Guthrie Nat. Bank v. Fidelity & Deposit Co.,* 14 Okla. 636, 79 Pac. 102.

And sureties for one person, as for J. W. Chaney, are not liable for several, as for J. W. Chaney and C. M. Rickard, nor are sureties for several, as for J. W. Chaney and C. M. Rickard, liable for one, as for J. W. Chaney alone. 1 Brandt on Suretyship & Guaranty (3d Ed.) secs. 134, 135, pp. 284-288 ; Pingrey on Suretyship, sec. 198 ; 27 Am. & Eng. Enc. L. (2d Ed.) 459, 460 ; 32 Cyc. 184.

This brings us to inquire whether the facts in this case take it out of the above rule ; that is, as to whether J. W. Chaney should be regarded as the sole principal and primarily liable in the contract with the city, and thus the principal in his relation to the public.

The bond of September 27, 1910, being for the performance of a contract of August 27, 1910, which recognizes and recites as one of its basic facts the license obtained and bond of J. W. Chaney, with the same sureties, given in May, 1910, must be understood as so related to the former bond, and these two bonds and the contract must be interpreted together, and with due regard to the said J. W. Chaney's license. And it appears, notwithstanding the contract and latter bond do not within themselves distinguish the position of J. W. Chaney in the contract and latter bond from that of C. M. Rickard, who is joined therein as if he were joint principal, Chaney must be regarded as the true principal and Rickard as merely his associate in a secondary sense and his surety (except as between these two), in deference to the fact that Chaney alone was licensed to construct sidewalks in the city, and Chaney alone could have lawfully contracted as a principal party. Brandt on Suretyship & Guaranty, sec. 137, pp. 290, 291 ; *Kuhn v. Abat,* 2 Mart. N. S. (La.) 168.

The doctrine in *Kuhn v. Abat, supra,* as stated in Brandt on Suretyship & Guaranty, *supra,* in connection with comments on the doctrines of other somewhat similar cases, is as follows:

"By law, no one but persons licensed for that purpose had authority to sell goods at auction, and a licensed auctioneer had to give bond. A., being a licensed auctioneer, gave bond with surety, but was conducting the business in the name of A. and B. as partners; B. not being licensed. *Held,* the sureties of A. were liable for goods thus sold by him. As no one but a licensed auctioneer could legally sell goods at auction, if they were properly sold, it must be considered the act of A., and the obligation which he and his sureties contracted in consequence of the privilege granted to him by the government ought not to be impaired by the circumstances of his having conducted the affairs of his office with the aid of a partner in the profits, any more than they would be if he had acted by the assistance of a hired clerk. His situation in relation to his partner did not concern the public who applied to him as an auctioneer. These decisions do not controvert the rule that the surety for a single individual is not liable for a partnership of which such individual is a member, but each case, from its peculiar circumstances, was held not to come within the rule."

For the reasons stated, this case should be reversed and remanded for another trial.

By the Court: It is so ordered.