### KLEIN v. BEERS et al.

No. 14173—Opinion Filed Sept. 18, 1923.

(Syllabus.)

1. **Principal and Surety—Interpretation of Contract.**

A contract of suretyship should be interpreted and the intelligible meaning of its language ascertained. It will then be construed and applied strictly in favor of the surety and without allowance of an implication against him; but this rule in no way interferes with the use of the ordinary tests by which the actual meaning and intention of the contracting parties are determined, and the same canons of interpretation which apply in the interpretation of other contracts should be applied in suretyship contracts.

2. **Schools and School Districts—Building Bond — Validity — Action by Materialman.**

Under section 3881, Rev. Laws 1910, which requires public officers when making contracts for the construction of a public building to take bonds running to the "state of Oklahoma", conditioned that the contractor shall pay all indebtedness incurred for labor and material, a bond which runs to a school district instead of the state of Oklahoma, if otherwise in conformity with the statute, is a valid, statutory bond and suit may be maintained therein by any person furnishing material used in the construction of such building.

3. **Same—Construction of Bond.**

A bond taken by the officers of a school district from a contractor constructing a school building, which bond runs to the school district as well as all persons who may become entitled to liens under the contract, and conditioned that the contractor will abide by and well and truly keep and perform all the covenants and agreements of the building contract and shall promptly pay and discharge all indebtedness that may be incurred by the said contractor in carrying out said contract, and which bond in conclusion contained a paragraph providing: "This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person," and where the contract provided for the payment by the contractor for all material and labor, such bond is in sufficient compliance with section 3881, Rev. Laws 1910, and is not to be construed as being for the benefit of only those materialmen and laborers who might become entitled to liens.

4. **Same—Obligees.**

The naming of all persons who may become entitled to liens as obligees and the last paragraph of the bond, providing that those who might become entitled to liens might sue upon the bond, does not limit the terms of the bond to that class under the rule, "Expressio unius est exclusio alterius," as such clause in the bond does not include any person, for the reason that, a public building under the law not being subject to liens, those words are without force and the bond is to be interpreted as though they were omitted.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by J. B. Klein, sole trader under the name of J. B. Klein Iron & Foundry Company, against Roy R. Beers, D. W. Holmes, M. A. Harrison, and the Beers Construction Company. Judgment for de-

fendants, and plaintiff brings error. Reversed and remanded, with directions.

Shirk, Danner & Fowler, for plaintiff in error.

G. C. Spillers, for defendants in error.

COCHRAN, J. This action was commenced by the plaintiff in error to recover against the defendants in error who were sureties on a building contractor's bond, for an amount due for material furnished to the contractor. A demurrer was sustained to the petition and an appeal taken from this order. The bond was given by defendants in error for Roy R. Beers, who had entered into a contract with the board of education of school district No. 26, Tulsa county, Okla., for the construction of an addition to the school building. The bond is in the following words:

"Know All Men by These Presents:

"That we, J. W. Holmes, and M. A. Harrison, of the city of Tulsa, county of Tulsa, state of Oklahoma, are held and firmly bound unto school district No. 26, Tulsa county, Okla., as well as to all persons who may become entitled to liens under the contract hereinafter mentioned, in the sum of $37,500, lawful money of the United States of America, to be paid to the said school district, and to the said parties who may be entitled to liens, their executors, their administrators and assigns; for which payment well and truly to be made, we bind ourselves, one and each of our heirs, executors and administrators, jointly and severally, firmly by these presents.

"Sealed with our seals, dated this 22nd day of May, 1918.

"The condition of this obligation is such that if the bounden Roy R. Beers, for the Beers Construction Company, his heirs, executors, administrators or assigns shall, in all things, stand to and abide by, and well and truly keep and perform the covenants, conditions, and agreements in contract hereinafter mentioned (of which this bond is a part) entered into by and between the said Roy R. Beers, doing business under the firm name of the Beers Construction Company, and the said school district, dated on the first day of October, 1917, for the construction and completion of the work or works in said district and mentioned in said contract, and shall duly and promptly pay and discharge all indebtedness that may be incurred by the said Roy R. Beers in carrying out the said contract and shall truly keep and perform the covenants, conditions, and agreements in said contract and in the within instrument contained, on his part to be kept and performed at the time and in the manner and form specified as well as all costs, including attorney's fees, in enforcing the payment and collec-

tion of any and all indebtedness incurred by said Roy R. Beers in carrying out said contract, then the above obligation shall become void; else to remain in full force and virtue. This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person.

"In testimony whereof, witness the hands and seals of the said D. W. Holmes and M. A. Harrison as well as the signature of the said Roy R. Beers hereto affixed."

"D. W. Holmes (Seal)

"M. A. Harrison (Seal)

"The Beers Construction Company,

"By Roy R. Beers."

The plaintiff in error furnished material to the contractor which was used in the construction of the building and was not paid for. The only question for determination is, Does the bond render the sureties liable for the payment of the material so furnished?

In construing the terms of the bond we must bear in mind that the sureties on this bond are individuals and the bond is to be construed according to the provisions of section 1052, Rev. Laws 1910, which is as follows:

"A surety cannot be held beyond the express terms of his contract, and if such contract prescribes a penalty for its breach he cannot in any case be liable for more than the penalty."

Section 1053, Rev. Laws 1910, provides:

"In interpreting the terms of a contract of suretyship the same rules are to be observed as in the case of other contracts."

In Dolese Bros. Co. v. Chaney & Rickard, 44 Okla. 745, 145 Pac. 1119, we said:

"After a contract of suretyship is interpreted and the intelligible meaning of its language is ascertained, it will be construed and applied strictly in favor of the surety and without allowance of an implication against him."

—but in applying this rule of strict construction, we must have in mind what is meant by the rule, and this is clearly stated in 21 R. C. L., sec. 28, as follows:

"In brief, by strict construction of a contract of suretyship is meant that the obligation of a surety must not be extended to any other subject, to any other person, or to any other period of time than is expressed or necessarily included in it; but the rule in no way interferes with the use

of the ordinary tests by which the actual meaning or intention of contracting parties are primarily determined. Despite the rule, the courts, in endeavoring to ascertain the precise terms of the contract actually made by a surety, may resort to the same aids and invoke the same canons of interpretation which apply in case of other contracts, and they are not required to put a strained construction on the plain words of a bond in order that the sureties may escape liability. What is demanded is merely that the sureties are not to be bound by implication, or beyond the extent to which they have obligated themselves in the execution of the bond."

Plaintiff in error contends that the bond under consideration was a statutory bond required by section 3881, Rev. Laws 1910, which provides:

"Whenever any public officer shall, under the laws of the state, enter into contract in any sum exceeding one hundred dollars, with any person or persons, for purpose of making any public improvements, or constructing any public buildings or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the state of Oklahoma, in the sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements"

—and it is contended that an action by any person furnishing material to such contractors is authorized by section 3882, which is as follows:

"Such bond shall be filed in the office of the clerk of the district court of the county in which such public improvement is to be made or such public building is to be erected; and any person to whom there is due any sum for labor or material furnished, as stated in the preceding section, or his assigns, may bring an action on said bond for the recovery of said indebtedness; Provided, that no action shall be brought on said bond after six months from the completion of said public improvements or public buildings."

The defendants contend that it is not a statutory bond given in accordance with the foregoing statute, because it shows on its face that it was not given for the use and benefit of laborers and materialmen, but is limited to two obligees—(1) school district No. 26, Tulsa county, and (2) all persons who may be entitled to liens under the contract mentioned and made a part of the bond.

It is further contended that the last paragraph of the contract is a specific limitation of the obligee named in the contract to those persons coming within the class named in such paragraph. The defendants cite several cases from this court where it was held that the bond under consideration was not the statutory bond required by section 3881, Rev. Laws 1910, and argue that the holding of the court in those cases is decisive of this case, and we deem it proper to consider those cases before proceeding further.

In United States Fidelity & Guaranty Co. v. Star Brick Co., 54 Okla. 103, 153 Pac. 1122, the condition of the bond was:

"Will well and truly perform the covenants hereinbefore contained, to pay for the work and labor of all laborers and teamsters, teams, and wagons employed on the work, and for all materials used therein."

The court held that the bond was not intended as a statutory bond provided for by section 3881, Rev. Laws 1910, because it did not run to the state of Oklahoma, was not in the amount required by said section, was not filed in the office of the clerk of the district court, and was in no wise in accord with said section save and except as to the guaranty to pay for material furnished and labor performed.

The bond in the case at bar is in no respects similar to the bond in that case except that it did not run in the name of the state of Oklahoma. It is well settled in this jurisdiction that the mistake in naming the school district as obligee instead of the state is not a fatal defect, and the bond, if otherwise in conformity to the statute, will be considered as a statutory bond. Thompson v. Grider Implement Co., 36 Okla. 165, 128 Pac. 267; Dolese Bros. Co. v. Chaney & Rickard, supra; Southern Surety Co. v. Watts, 45 Okla. 513, 146 Pac. 431; Lohr & Trapnell v. H. W. Johns-Mansville Co., 77 Okla. 6, 185 Pac. 526; Wilson v. Nelson, 54 Okla. 457, 153 Pac. 1179.

The case of the United States Fidelity & Guaranty Co. v. Star Brick Company, therefore, cannot be considered as applicable here, except that it must appear that the bond was intended to be given under section 3881 before its provisions will be applied.

In Wilson v. Nelson, supra, the bond was conditioned for the faithful performance of the contract for public work, but was not conditioned for payment of labor and material, neither did the contract bind the

contractor to pay for the labor and material, and is to be distinguished from the case at bar, because in this case the bond and contract provide for the payment of labor and material.

In Hutchinson v. Krueger, 34 Okla. 23, 124 Pac. 591, the bond did not provide:

"Shall duly and promptly pay and discharge all indebtedness that may be incurred by the said Roy R. Beers in carrying out the said contract"

—as does the bond in the instant case, but provided as follows:

"Now, if the said Robert Krueger shall pay all claims for labor and material contracted in the erection of said county jail, building to each and all persons entitled thereto, and which claims might be the basis of liens on said lots and building, then this bond to be void, otherwise to remain in full force and effect in law for the use and benefit of any person in whose favor liens might accrue."

In construing that bond, this court said:

"It is clear that, if the claims for labor or material alleged to have been furnished could not be the basis of a lien against the building, then there was no obligation upon the bondsmen under the condition named in the bond."

In that case there was no obligation to any one except to those entitled to liens, but in the case at bar the obligation is to the school district, and conditioned not only to pay all labor and material for which liens might be filed, but all labor and material without regard to whether liens might be filed therefor, or not. If the state of Oklahoma is substituted for school district No. 26, as should be done if the bond was intended to be given under section 3881, the bond would read:

"Are held and firmly bound to the state of Oklahoma as well as to all persons who may become entitled to liens under the contract hereinafter mentioned"

—and conditioned:

"Shall, in all things, stand to and abide by, and well and truly keep and perform the covenants, conditions, and agreements in contract hereafter mentioned * * * and shall duly and promptly pay and discharge all indebtedness that may be incurred by the said Roy R. Beers in carrying out the said contract, and shall truly keep and perform the covenants, conditions, and agreements in said contract."

It is apparent that the bond in the instant case is broader in its terms than the bond in the Krueger Case. Should the portion of the bond in the Krueger Case

providing for the payment of claims which might be the basis of liens on the lots and building be eliminated, there would be nothing left of the bond. Should that portion of the bond in the case at bar naming all persons who might become entitled to liens under the contract as obligees and that paragraph of the bond which provides:

"This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person"

—be eliminated, there would still be a bond in substantial form as required by section 3881, Rev. Laws 1910, except that, in addition to that condition to pay all indebtedness incurred for labor and material, it would contain the further condition that the contractor would—

"Well and truly keep and perform the covenants, conditions and agreements in said contract."

The fact that the bond includes this additional condition does not render it invalid as a statutory bond under section 3881. In Wilson v. Nelson, supra, it is said:

"While, no doubt, the bond provided for in section 4688, Revised Laws 1910, relating to the construction of sewers, could also include in its provisions conditions complying with section 3881, supra, and one bond might be so conditioned as to protect both the municipality and the material men and laborers under the two sections of the statutes."

In the foregoing case it was held that it was apparent no attempt was made in making the bond sued upon to conform with section 3881, but such is not true in the case at bar. The bond specifically provides for the prompt and due payment of all indebtedness. The contract is to be interpreted in the light of the law applicable thereto, and it will be presumed that it was intended to have the legal effect that the language implies. Snider v. Greer Wilkinson Lbr. Co. (Ind. App.) 96 N. E. 960; Rice v. Dwight, 2 Cush. (Mass.) 80; Clark v. City of Boston (Mass.) 60 N. E 793; Wheaton v. Fay, 62 N. Y. Supp. 275; Clark v. Lillie, 39 Vt 495; U. S. v. McDowell (D. C.) 21 Fed. 563.

The stipulation for payment of indebtedness should be read in accordance with the above canon of construction. The provision for the payment of all indebtedness of

the contractor for material and labor when contained in a public building contract can be of no benefit to the school district or the board of education, and neither the school district nor the board of education can be held for such claims, neither can they be enforced as liens against the building. The only persons who can be benefited by such provisions are those persons protected by the provisions of section 3881, and they are persons who are primarily benefited by the bond. Such being the case, the bond, while naming the school district as obligee, is to be construed as though persons furnishing labor and material were the obligees. This is provided by section 3882, Rev. Laws 1910. Snider v. Greer Wilkinson Lbr. Co., supra; Wilson v. Nelson, supra; Dolese Bros. Co. v. Chaney & Rickard, supra.

The above is true unless it be determined that the naming of all persons who may become entitled to liens under the contract as obligees, and the last paragraph of the bond, providing that those who might become entitled to liens might sue upon the bond, should be considered as a limitation of the terms of the bond so as to require it to be interpreted as meaning that it was only for the protection of the school district and that class of materialmen and laborers who might have lien claims. The contract plainly provides for the payment of all indebtedness, and should be construed as including all those furnishing material unless a different construction is required by the canon of "Expressio unius est exclusio alterius."

Defendants rely upon the case of Smith v. Bowman, 32 Utah, 33, 88 Pac. 678, as sustaining their contention that the bond in the instant case is to be considered as limited to the class of lien claimants to the exclusion of all others. The bond in that case is very similar to the bond in the instant case, but is to be distinguished by the following provisions: (1) The Utah statute did not require the school district to take a bond for the use and benefit of all persons furnishing material or performing labor in the construction of a public building, while section 3881 of our statute does. (2) The condition of that bond was:

"Shall in all things stand to and abide by, and well and truly keep and perform the covenants and agreements in the hereto attached contract and shall duly and promptly pay and discharge all indebtedness that may be incurred by the said Bowman, Hodder & Co. in carrying out the said contract, and complete the same, free of all mechanics' liens. * * * This bond

is made for the use and benefit of all persons who may become entitled to liens under the said contract, according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person" —whereas the bond in the instant case provided:

"Shall in all things stand to and abide by, and well and truly keep and perform the covenants, conditions, and agreements in contract * * * and shall duly and promptly pay and discharge all indebtedness that may be incurred by the said Roy R. Beers in carrying out the said contract."

—And (3) the contract in that case did not provide for the contractor to pay for all labor and material, but did provide that the building was to be—

"Free from all liens or right of liens for debts due or claimed to be due"

—while the contract in the instant case provides:

"Said first party also agrees to furnish and pay for all labor and material of such kinds, qualities and descriptions as shall be suitable, proper, and sufficient for completing and finishing all the work mentioned."

In the Utah case it was held that a party had the right to take a bond for the use and benefit of laborers and materialmen in the absence of a statute, but in interpreting the bond so given the court was confronted with an entirely different situation from that in the instant case, where the contract provides for the payment of all labor and material, and where the bond provides for the faithful performance of the contract, and where the statute required that a bond for the use and benefit of all laborers and materialmen should be taken, and where the bond which was taken did provide that the contractor should promptly and duly discharge all indebtedness for labor and material. In the Utah case the court said:

"In determining the true intention of the parties to the bond in question, we must look not to disconnected sentences, or only a portion of a sentence, taken from the context, but we must look at the bond as a whole, and consider it in connection with the contract attached to it and for the security of which it was given. So construing it, we think it is apparent that the intention of the parties to the bond was to secure the college against claims that might be asserted against it, and for which liens might be filed, and to secure those who might become entitled to liens. There is no provision in the contract entered into between the college and the contractors

whereby the latter promised or agreed to pay for material furnished to them."

The same rule of construction applied to the case at bar forces us to the conclusion that the bond in the instant case was given for the use and benefit of all laborers and materialmen and for due and prompt payment of all indebtedness due them. As to the application of the rule of construction, "Expressio unius est exclusio alterius", the Appellate Court of Indiana has very ably discussed the same in a case involving the construction of a bond in almost the identical language of the bond under consideration. In Snider v. Greer Wilkinson Lbr. Co., supra, the bond provided:

"Are held and firmly bound unto the board of trustees of school city of Muncie, of said county and state, as well as to all persons who may become entitled to liens under the contract hereinbefore mentioned, in the sum of $4,650, lawful money of the United States of America, to be paid to the board of trustees of school city of Muncie and to said parties who may be entitled to liens * * *"

—and was conditioned:

"Shall in all things stand to and abide by and well and truly keep and perform the covenants, conditions, and agreements of the above-mentioned contract * * * and shall duly and promptly pay and discharge all indebtedness that may be incurred by the said Edmond S. Petro in carrying out said contract, and complete the same free of all mechanics' liens, and shall truly keep and perform the covenants, conditions, and agreements in the said contract * * * This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person."

In construing this bond, that court said:

"It is the contention of the appellants that the complaint is not sufficient to state a cause of action against the sureties on the bond, for the reason that the bond sued on shows upon its face that it was intended only for the protection of the school city of Muncie and all persons who may become entitled to liens; and that, as the appellee was not entitled to a lien, it does not fall within the class for whose benefit the bond was executed, and for that reason it cannot maintain an action on the bond. If the bond was intended to inure to the benefit of persons who might furnish material for such repairs, and who, under the law, were not entitled to acquire a lien therefor against the building, the complaint states a cause of action; but, if it was not so intended, the complaint is insufficient and the demurrer thereto should have been sustained. * * *

"A stipulation to the effect that the contractor shall pay all claims for labor and material, when contained in a contract for building or repairing a public structure not subject to liens, can be of no direct financial benefit to the public corporation for which the structure is built, or its agents who let the contract, for the reason that neither such corporation nor its agents can be held personally responsible for such claims, and they cannot be enforced as liens against the building. As persons furnishing material or performing labor are the only ones who can be benefited by such a stipulation, this furnishes a reason for holding, in such a case, that an agreement of this character is intended primarily for their benefit. * * * The sureties on a contractor's bond cannot be held liable to persons having claims for material or labor, unless there is an express agreement in the contract or a condition in the bond requiring the contractor to pay such claims. * * * It is admitted by all parties to this appeal that the contract does not contain any agreement on the part of the contractor to pay claims for labor and material; but it will be observed from an examination of the bond, heretofore set out, that it contains a condition to the effect that if the contractor shall duly and promptly pay and discharge all indebtedness that may be incurred by him in carrying out the contract, and shall complete the same free of all mechanics' liens, the bond should be void, else to remain in full force. Here is a condition providing for the payment by the contractor of all indebtedness incurred by him in carrying out said contract, which must be construed, under the authority of the cases cited, as having been made for the benefit of third persons.

"It is contended on behalf of appellant that the bond on its face specifies the particular class of third persons for whose benefit it is made, and that no person, other than those included within the class so specified, can derive any benefit from its provisions. * * *. All contracts are to be read and understood in the light of the law applicable thereto. If the language of the contract has a certain and definite meaning, when considered in connection with the law applicable to the subject-matter with which it deals, the parties will be presumed to have intended that it should have the legal effect which such language implies. If the language used creates certain rights and imposes certain obligations, neither party to such contract can be heard to say that he did not intend that it should have the effect which the law gives to it. * * *

"If the bond does classify the persons to whom the contractor might become indebt-

ed in carrying out the contract, and designates one class of such debtors as the persons to be benefited by the condition of the bond, then all other persons, not included in the class so specified, must be excluded from its benefits. The only class of third persons named and designated in the bond as entitled to its benefits is 'all persons who may become entitled to liens under the contract hereinbefore mentioned.' The class thus named does not include any person, for the reason that no one under any circumstances could become entitled to hold a lien under the contract mentioned. As no one is included within the class named, it must necessarily follow that the naming of such class cannot have the effect to exclude any one, by the application of the maxim. "Expressio unius est exclusio alterius.' No person can be excluded from the benefits of the condition of this bond, if otherwise entitled thereto, unless some person, or class of persons, is expressly named and designated as entitled to such benefits. If, in carrying out such contract, it were possible that the contractor could incur a single item of indebtedness which might under the law become a lien on the building, or if a single person, by furnishing material or labor, or in any other way aiding in carrying out said contract, might become entitled to a lien, then such person holding such claim would be within the class designated in the bond as entitled to its benefits, and he might sue and recover upon such bond, and all others would be excluded.

"When the words employed to indicate the class of persons for whose benefit the bond was executed are considered in the light of the law, and in connection with the contract for the performance of which the bond was given, they are without force and meaningless. The bond must therefore be treated the same as though such words had been omitted."

It is unnecessary to attempt to enlarge upon the very able discussion of the foregoing opinion. Suffice it to say that it expresses our views, and we are of the opinion that the bond in the instant case should be construed as being for the use and benefit of all laborers and materialmen, and, under these circumstances, the demurrer should have been overruled.

The judgment of the trial court is reversed, and cause remanded, with directions to proceed further in accordance with the views herein expressed.

JOHNSON, C. J., and KANE, KENNAMER, BRANSON, and MASON, JJ., concur.