## AMERICAN SASH & DOOR CO. v. McGREGOR et al.

No. 17347. Opinion Filed Nov. 9, 1926.

Opinion Withdrawn, Refiled Feb. 21, 1928.

(Syllabus.)

1. **Municipal Corporations — Contractor's Statutory Bond—Liability for Labor and Material Furnished.**

Section 7486, C. O. S. 1921, requires the officers of a municipal subdivision when contracts are made for public buildings or other public improvements included in the scope of said statute to require the contractor to execute a bond to the state of Oklahoma. The bond required by this section of the statute must be conditioned to pay all indebtedness which the contractor may incur for labor and material. When such a bond is executed, the surety is liable as per the conditions thereof.

2. **Same—Nonliability of Surety Where Bond not in Statutory Form.**

Where officers of a municipality fail to require a bond of a contractor conditioned as by section 7486, C. O. S. 1921, but do require a bond conditioned that the contractor shall faithfully perform said contract on his part according to the terms, covenants, and conditions thereof, and the public improvement is completed by the contractor to the satisfaction of the municipality, there is no breach in the conditions of said bond and the surety is not liable to a materialman for material furnished the contractor in completing the work. The terms and conditions of such bond cannot be extended by implication.

Error from District Court, Washington County; H. C. Farrell, Judge.

Action by the American Sash & Door Company against A. L. McGregor and the New Amsterdam Casualty Company. From judgment in favor of defendant last named, plaintiff brings error. Affirmed.

John F. Kerrigan and B. B. Foster, for plaintiff in error.

Montgomery & Montgomery and Campbell & Ray, for defendants in error.

BRANSON, V. C. J. The American Sash & Door Company, a corporation, sued A. L. McGregor and the New Amsterdam Casualty Company, a corporation. The plaintiff in the court below is the plaintiff in error here. The defendants in the court below are the defendants in error here. The plaintiff obtained a judgment against A. L. McGregor and he files no cross-petition in error. The judgment against him is therefore a finality. The judgment sought by the plaintiff against the New Amsterdam Casualty Company was denied, a demurrer having been sustained to the evidence of the plaintiff against the New Amsterdam Casualty Company and the cause of action pleaded as to it dismissed. From this action, the plaintiff appeals. It makes one assignment of error. That assignment is set forth in this language:

"The court erred in sustaining the demurrer of defendant surety (meaning the New Amsterdam Casualty Company—ours) to the

evidence of plaintiff and in adjudging that plaintiff have no recovery on the bond against the surety."

The cause of action pleaded by the plaintiff against the defendant McGregor was this:

That McGregor was a contractor; that he entered into a contract with the board of education of school district No. 39 of Osage county to erect a school building; that the contract made with the said school board required that McGregor give a bond to the **school district,** the condition of which bond so given will be set out hereafter; that McGregor purchased from the plaintiff certain building appurtenances, to wit, doors and window sashes, or for which he never paid, and on this cause of action judgment was entered against the defendant McGregor in favor of the plaintiff.

As against the defendant Casualty Company, the plaintiff tried its case in the district court on the theory that the bond given, by reason of the provisions of the contract of McGregor with the school district, was intended to be the statutory bond provided by section 7486, C. O. S. 1921, as to public buildings. The defendant casualty company, surety on the said contractor's bond, contended in the trial court, and contends here, that the bond required by the school board and the bond given was not the statutory bond provided by said section of the statute, but was an ordinary contractor's bond or builder's bond, and that if the building was erected to the satisfaction of the school district, the conditions of the bond were performed and not breached, and the plaintiff cannot hold it for material furnished the contractor.

The bond was in the sum of $28,325, which was the contract figure, and was conditioned as follows, to wit:

"Whereas, said principal has entered into a contract for the erection and completion of one-story brick school building, located in above mentioned district.

"Now, therefore, the condition of this obligation is such, that if the said principal shall faithfully perform said contract on his part, according to the terms, covenants and conditions thereof, * * * then this obligation shall be void, otherwise to remain in full force and effect."

There are certain other provisions contained in the bond as to what the obligee, to wit, the school district, was required to do as a condition precedent to its right of recovery upon the bond. These conditions do not appertain to the question here at issue.

The plaintiff contends that the contract made by the defendant McGregor with the school district required that the contractor furnish all materials and labor, and impliedly required that he pay therefor, and that the bond, although running alone to the school district as obligee, should be held to inure to the benefit of the plaintiff as a materialman, and that while the plaintiff is not privy to the bond contract, the same being made solely to the district, under the authority of Lohr v. Johns-Manville Co., 77 Okla. 6, 185 Pac. 526, U. S. Fidelity & Guaranty Co. v. Cook, 105 Okla. 185, 231 Pac. 495, and Klein v. Beers, 95 Okla. 80, 218 Pac. 1087, the demurrer of the defendant casualty company should have been by the trial court overruled and judgment entered as against it in favor of the plaintiff for the amount found due the plaintiff by the defendant McGregor.

In the cases cited, the suits were upon bonds conditioned as provided by the statute, supra, among which conditions was that the contractor should pay all indebtedness incurred for labor and material furnished in making the public improvement.

This court, in the case of Wilson v. Nelson, 54 Okla. 457, 153 Pac. 1179, was confronted with a condition similar to the one here on a bond conditioned all but in the same language as the bond here conditioned. Therein the court held that the surety on the bond was obligated no further than the terms of the bond itself. In so holding it said:

"In order for a third party to recover upon an agreement between others to which he is not privy, the contract must be made expressly for his benefit. It must not only be intended to secure some benefit to him, but there must be a promise legally enforceable."

This case follows the reasoning in the case of Snider v. Greer-Wilkinson Lumber Co. (Ind. App.) 96 N. E. 960, wherein it is said:

"The sureties on a contractor's bond cannot be held liable to persons having claims for material or labor, unless there is an express agreement in the contract, or a condition in the bond requiring the contractor to pay such claims."

Under the laws of this state no lien for material furnished could attach to a public building such as the defendant McGregor undertook to erect.

In the case of Smith v. Bowman (Utah) 88 Pac. 687, it is said:

"The sureties on the bond of a contractor for a public building, which is for the benefit, also, of all persons who may become en-

titled to liens, are not liable for the payment of materials furnished for the construction of the building, where, under the statutes, such buildings are not subject to lien." Ochs v. M. J. Carnahan Co. (Ind. App.) 76 N. E. 788, 80 N. E. 163; Electric Appliance Co. v. U. S. Fidelity & Guaranty Co. (Wis.) 85 N. W. 648.

Section 7486, C. O. S. 1921, makes it the duty of public officials who enter into a contract as here, the object of which is to make public improvements or erect public buildings, to require the contractor to give a bond to the state of Oklahoma that the contractor shall pay all indebtedness incurred for labor and materials, and such a bond, when taken, does inure to the benefit of materialman such as the plaintiff. But in the instant case, for reasons not apparent from the record, there was no such bond required and no such bond given. We deem it not amiss in passing to say that in all such cases the public policy as evidently intended by the statute would be best subserved by the officers of the municipality requiring the execution of two bonds, one of which should run to the municipality conditioned as the bond in the instant case; the other, the bond required by the statute above set out, conditioned as by the statute required that payment would be made by the contractor for all labor and material furnished. But, in the absence of a bond so conditioned, under the authorities above cited, the court cannot make a new contract or write into a contract which is plain and unambiguous, conditions which would impose obligations upon the surety beyond and in excess of the liability assumed by it. The plaintiff in dealing with the contractor under a contract made with the school district should have known that no liability attached to the school district or to the board for its failure to require the contractor to give the statutory bond. The plaintiff was in business for profit and to that extent was on no different footing than the bond company. If the plaintiff was not furnishing material to the contractor solely upon his financial responsibility, an inspection of the bond as given would have disclosed that it was not the statutory bond for the benefit of laborers and materialmen. While it was the duty of the school board to have required the statutory bond, it was also within the option of the defendant casualty company to refuse to sign such a bond, and having signed a bond the conditions of which are not shown by the pleadings herein to have been breached and the conditions of which did not go to the extent of paying for material furnished.

the court cannot make a contract and create a liability which would save the plaintiff a loss which it may possibly sustain by reason of its inadvertence in not knowing the character of the bond given, if, in fact, it extended credit expecting to resort to such bond in the event of nonpayment.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

BRANSON, C. J. Application for oral argument was made in this cause under the rules, but by inadvertence the opinion was written and filed, overlooking the application. When this was called to the attention of the court, the opinion was withdrawn, cause set, and orally argued.

The court has gone into the case in the light of the oral argument, and adheres to the original opinion filed herein.

It is the order of the court that the original opinion in this cause be refiled, as the opinion of the court.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.