## NEW YORK CASUALTY CO. OF NEW YORK v. WALLACE & TIERNAN, Inc.

No. 22766. Jan. 22, 1935.

Rehearing Denied Oct. 22, 1935.

Tomerlin & Chandler and Troy Shelton, for plaintiff in error.

Chas. L. Yancey, H. L. Douglass, and R. L. Cox, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Oklahoma county. The parties will be referred to in this case as they appeared in the trial court, the defendant in error as plaintiff, and the plaintiff in error as defendant.

The plaintiff instituted suit against the defendant for the recovery of $715 for certain equipment furnished to the J. D. Mann Construction Company at New Cordell, Okla., used in the construction of a sewer disposal plant for said city. The said J. D. Mann Construction Company had a written contract with the city to do the work and furnish the material required for the construction of the sewer disposal plant. The defendant, as surety, joined with the J. D. Mann Construction Company in executing a bond entitled "Statutory Lien Bond," which bond is in the following words and figures, to wit:

"New York Casualty Company of New York, N. Y. "Statutory Lien Bond.

"Know All Men By These Presents:

"That we, J. D. Mann Construction Company of Oklahoma City, Okla., as principal, and New York Casualty Company of New York, a corporation, organized and existing under and by virtue of the laws of the state of New York, duly authorized to transact business in the state of Oklahoma, as surety, are held and firmly bound unto the state of Oklahoma as obligee, for the use and benefits of all persons in whose favor liens might accrue under and by virtue of the mechanic's lien laws of the state of Oklahoma, in the penal sum of thirty-four thousand eight hundred three and 27-100 dollars, good and lawful money of the United States of America, for the payment of which well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors, and assigns, firmly by these presents.

"Whereas, the principal entered into a written contract, dated September 23, 1930, with the city of New Cordell, Okla., to do the work and furnish all materials required for the construction of the sewer and disposal plant extensions, for the city of New Cordell, Okla., as shown on the plans, to be in strict accordance with the plans and specifications and advertisement for same, as approved by the mayor and city council of the city of New Cordell, Okla,. a copy of which contract is hereto annexed.

"Now, therefore, the condition of this obligation is such, that if the said principal shall well and truly pay all indebtedness incurred for labor and material used or furnished in the carrying out of said contract, which might be the basis of liens against said property, as aforesaid, and the real estate on which it is situated, then this obligation shall become null and void, otherwise shall remain in full force and effect.

"Signed and sealed this 23rd day of September, ·1930.

"J. D. Mann Construction Company, "By J. D. Mann.
"New York Casualty Company, N. Y.
"By Arthur Burkett, Attorney-in-fact.

"(Seal)

"(Indorsements)
"Cordell Sewer Extension Bond
"Filed Oct. 8, 1930
"Myrtle Taylor, Court Clerk
"Eva M. Penn, Deputy."

Suit was instituted against the defendant only. The defendant demurred to the petition on the ground that the petition did not state a cause of action. The demurrer was overruled. The defendant elected to stand upon its demurrer and declined to plead further. Thereupon judgment was rendered for the plaintiff on its petition, to which was attached a properly verified account.

The defendant prosecutes this appeal, asking for reversal. The two grounds upon which defendant depends may be summarized as follows, to wit:

(1) That there was no liability on the bond for the reason that it contained the following language:

"are held and firmly bound unto the state of Oklahoma, as obligee, for the use and benefits of all persons in whose favor liens might accrue under and by virtue of the mechanic's lien laws of the state of Oklahoma"

—and similar expression in another paragraph of the bond.

(2) That the petition does not sufficiently allege that the material was used or consumed in the construction of the sewer system.

The defendant cites and depends upon the cases of Smith v. Bowman, 32 Utah, 33, 88 P. 687; Hutchinson v. Krueger, 34 Okla. 23, 124 P. 591, and American Sash & Door Co. v. McGregor, 129 Okla. 261, 264 P. 602. We cannot agree with defendant that these cases are controlling in the case at bar.

A study of the case of Smith v. Bowman, supra, discloses that at the time the bond in question in that case was given, there was a statute in Utah requiring a contractor for the construction of public improvements to give a bond; the bond in that case contained an enforceable obligation in favor of the Utah State Agricultural College, the obligee therein. It contained other material. However, the bond was not a nullity.

The case of Hutchinson v. Krueger, supra, is not controlling, for the reason that the bond in that case was given pursuant to section 6162, Compiled Laws of Oklahoma of 1909. providing that the contractor or owner might execute a bond to be filed in the office of the clerk of the district court, in a sufficient amount and with sufficient sureties, and when said bond was approved by the clerk of the district court no liens for labor or material would attach to the building being constructed, or if they had attached, they would be discharged. The bond in question in the Hutchinson v. Krueger Case showed that it was written in compliance with the said section of the statute. No effort was made to write it in compliance with the sections which are now 10983 and 10984, O. S. 1931, providing for the giving of bonds by contractors constructing public improvements. Section 6163, Compiled Laws of Oklahoma of 1909, was repealed more than 20 years ago. Therefore, it was not in existence when the bond in the case at bar was written.

The case of American Sash & Door Co. v. McGregor, supra, is not in point for the reason that in that case the bond was an ordinary contractor's bond.

The case at bar is more akin to the cases of Klein v. Beers, 95 Okla. 80, 218 P. 1087, and United States Fidelity & Guaranty Co. v. Cook et al., 105 Okla. 185,

231 P. 495. We think these two cases are decisive of the case at bar.

Section 10983, O. S. 1931, reads as follows:

"Whenever any public officer shall, under the laws of the state, enter into contract in any sum exceeding one hundred dollars, with any person or persons, for purpose of making any public improvements, or constructing any public building or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the state of Oklahoma, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements."

Section 10984, O. S. 1931, reads as follows:

"Such bond shall be filed in the office of the clerk of the district court of the county in which such public improvement is to be made or such public building is to be erected and any person to whom there is due any sum for labor or material furnished, as stated in the preceding section, or his assigns, may bring an action on said bond for the recovery of said indebtedness: Provided, that no action shall be brought on said bond after six months from the completion of said public improvements or public buildings."

These two sections were in force and effect at the time the bond in question was executed. It will be noted that the bond is entitled "Statutory Lien Bond." The language of the bond shows that without doubt it was given in compliance with the requirements of section 10983. For some reason, probably inadvertently, there were added to the usual language of a bond, obligating the principal to pay the indebtedness incurred for labor and material used or furnished in the carrying out of said contract, the following words: "which might be the basis of liens against said property * * * and the real estate on which it is situated." The bond further refers to the fact that it is given pursuant to contract on the same day executed by the principal, J. D. Mann Construction Company, with the city of New Cordell, to do the work and furnish the materials required for the construction of the plant. It would be extremely difficult to find any reason why this bond was executed, except that it was executed as a compliance with section 10983, O. S. 1931. Therefore, the terms of that section of the statute become a part of the bond.

If it should be held that the bond was

given for the benefit only of those who were entitled to assert and establish liens against the property, the bond would be an absolute nullity, for no liens could be asserted and established against the city of New Cordell for the public improvements erected. The construction company in making its bid evidently assumed that it would be compelled to pay a certain amount as premium on its statutory bond, and based its estimate on this as well as on other items of cost; therefore, indirectly, the taxpayers of the city of New Cordell paid the premium on this bond.

To hold that a surety company for hire can collect a premium for a bond that is a nullity would be to charge very improper conduct to the surety company and to those representing the taxpayers who indirectly paid the premium on the bond. It cannot be successfully contended that the maxim expressio unius est exclusio alterius has any application in this case. If an attempt be made to apply that rule, it fails, for the reason that if this bond was intended only to secure those who were entitled to assert liens on the premises, no one was included, and, therefore, no one else could be excluded.

We held that the persons who furnish material and performed labor were protected by the terms of this bond; that the inadvertent expression with reference to those claims which might be the basis of liens does not in any way invalidate the legal portion of this bond given pursuant to the statute above mentioned.

That portion of defendant's brief which claims that there are not sufficient allegations that the material was used or consumed in the course of construction is not well founded. The petition, with the exhibits attached thereto, shows conclusively that the material was so used.

Finding no error, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Wm. S. Hamilton, J. C. Cornett, and D. E. Johnson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hamilton, and approved by Mr. Cornett and Mr. Johnson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.