## STRONG et al. v. INCORPORATED TOWN OF BEAVER.

No. 27165.   June 22, 1937.

Rehearing Denied Nov. 23, 1937.

Hagan & Gavin and Mauntel & Spellman, for plaintiffs in error.

Ross Rizley and Charles Miles, for defendant in error.

PHELPS, J.   Silas S. Strong entered into a contract with the Incorporated Town of Beaver, Okla., to pave certain streets with brick.   One of the conditions of the contract was that he would furnish a bond conditioned that he would keep the paving in good condition and repair for a term of five years following the acceptance of the construction by the city authorities, which bond is ordinarily referred to as a maintenance bond.   This bond was given, with Strong as principal and the Fidelity & Casualty Company of New York as surety.   Within five years after the completion of the work the paving developed certain defects needing repair.   The town served notice upon the contractor to make the needed repairs, and said contractor having failed to make them, the city brought this action against him and his surety for the amount of money necessary to make the repairs.   The trial court rendered judgment for the plaintiff in the full amount of the bond, and the defendants appeal.

Among the propositions advanced by the defendants is their assertion that the action was prematurely brought, and that the plaintiff was without power to maintain this action until it had first made the repairs itself, or caused them to be made, and then sue on the bond for the cost of said repairs.   We think that, under the statutes governing the present situation, the defendants are correct.   It must be remembered that this is not an action on the contract, but is an action on the bond.   Plaintiff specifically avers in its petition that the bond was made, executed and delivered "in accordance with the statutes in such cases made and provided."

Section 6220, O. S. 1931 (11 Okla. Stats. Ann., sec. 89), dealing with the resolution of the city authorities ordering such an improvement, and with contractors' bonds and advertisements for bids, provides that such resolution shall state certain named requirements, among which is the requirement that the authorities

"Shall also require a bond, in an amount to be stated in such resolution, for the maintenance in good condition of such improvement for a period of not less than five (5) years from the time of its completion."

It is to be observed that the foregoing merely requires such bond, and does not specify the manner or enforcement thereof. But section 6249, O. S. 1931 (11 Okla. Stats. Ann., sec. 114), enacted at a later session of the Legislature, treats specifically of that subject.   Those parts thereof pertinent to the instant question are as follows:

"Upon acceptance by the council of said improvements, and before the final payment of the contract price, the city council or city commissioners of any city, shall require the contractor performing such work to make and execute a good and sufficient surety bond or depositing sufficient securities or obligations of the United States of America or of the state of Oklahoma or some municipality (sic) subdivision thereof to be approved by said city council or city commissioners in the sum to be determined by the city council or city commissioners, in no case to be less than 25 per cent. of the contract price, conditioned that the contractor will immediately reimburse the city for and to the amount of any sum or sums as may be expended in the maintenance, upkeep, or repair of said improvements for a term of five years after the completion and acceptance of said work.   Whenever

any repairs of said improvements are deemed necessary by the city council or city commissioners they shall order the same to be made under the supervision of the city engineer or commissioner of public works and property of such city, and the costs thereof certified to by said city engineer; and, when approved by the city council or commission, the contractor and his bondsmen shall be notified of the amount expended and shall immediately become liable therefor."

It cannot be seriously doubted that the powers, duties, and liabilities of the municipality, the contractor, and the surety are governed by the aforesaid statute. Nor does it need extended comment to arrive at the conclusion that section 6249, supra, by its own terms provides that the city shall make said repairs or order them to be made under the supervision of the city engineer or commissioner of public works, and that when the cost thereof has been approved by the city council or commissioners, the contractor and his bondsmen shall be notified of the amount expended and shall then become liable therefor. The statute places upon the city council or city commissioners the mandatory duty to make the repairs before the cost thereof is charged to the bond: "they shall order the same to be made," etc. If this were not the law, then what assurance would there be that the amount recovered would be used for the needed repairs? Furthermore, it gauges and measures the liability of the contractor and his surety by the practical and surer test of actual performance of the work.

The contract which was entered into between the city and the contractor provided that if the contractor should fail to make the repairs within ten days after receiving notice from the city so to do, then the city "may" with or without further notice proceed to make such repairs or cause them to be made, and that on the failure of the contractor to pay the costs thereof within five days after notice of such costs, the city would have the right of action on the amount of the bond thereinafter provided. The plaintiff cites City of Charles City v. Rasmussen, 210 Iowa, 841, 232 N. W. 137, as authority for the contention that it was not required to do the repair work before it could maintain an action on the bond. Without regard to the reasoning in that case, we do not feel warranted in following it in the instant decision, nor in following National Surety Co. v. Huntsville, 192 Ala. 82, 68 So. 373, upon which it is based, due to the fact that section 6249, supra, places the mandatory duty on the city council or city commissioners to order the repairs to be made under the supervision of the city engineer or commissioner of public works, while no such statute was involved in either the Iowa case or the Alabama case. It is well settled that procedure involving public works is governed by statute, and it is beyond the power of the municipality to contract as to such public work except with reference to the statute applicable to that procedure. See New York Casualty Co. of N. Y. v. Wallace & Tiernan, 174 Okla. 278, 50 P. '(2d) 176; also Gilfillan et al. v. City of Bartlesville, 46 Okla. 428, 148 P. 1012.

We conclude that under the law the making of the repairs is a condition precedent to an action on the maintenance bond, for the cost thereof, and that, accordingly, this action was prematurely brought. As stated by the defendants in their brief, it may be that the cost of the repairs would not have equalled the amount of the bond, by a wide margin, and that they are entitled to have the extent of their liability determined by the practical test thereof which is prescribed by the statute.

Accordingly, the judgment is reversed and the cause is remanded.

RILEY, BUSBY, GIBSON, and HURST, JJ., concur. OSBORN, C. J., BAYLESS, V. C. J., and WELCH and CORN, JJ., dissent.