## HARTFORD ACCIDENT & INDEMNITY CO. v. WOODRUFF et al.

No. 27519. Jan. 18, 1938.

Rehearing Denied March 8, 1938.

N. A. Gibson, Wilbur J. Holleman, and Thomas W. Maxey, for plaintiff in error.

Hamilton & Clendinning and Wayne C. Evans, for defendants in error.

BAYLESS, V. C. J. There is presented in this case the question whether damages done to a building, the damage resulting from the manner in which the building was moved from one location to another, is within the coverage of a bond given pursuant to provisions of sections 57, 58, article 4, chapter 32, Revised Ordinances of the City of Tulsa, 1931.

It is provided in said sections that every person who shall engage in the business of moving buildings and structures within the city of Tulsa shall obtain a license therefor from the commissioner of finance and revenue; that no such license shall be granted until the party applying therefor shall have given a bond to the city of Tulsa in the penal sum of $2,500 with a bonding company authorized to do business in the state, as surety; that the bond shall contain certain specific conditions; that said bond shall be for the benefit of the city of Tulsa and any private person or corporation "sustaining damages under the conditions thereof"; and such private person or corporation shall be entitled to sue thereon in his or its own name.

It was alleged by the plaintiff, L. L. Woodruff, that: On or about January 9, 1935, the defendant W. S. Hendricks obtained from the city of Tulsa a house mover's license, and at the same time executed and delivered a bond in the sum of $2,500, as required by the ordinance provisions aforementioned, with the defendant Hartford Accident & Indemnity Company as the surety thereon; that while the bond was in full force and effect and on or about May 1, 1935, the said Hendricks contracted with plaintiff, for monetary consideration, to move plaintiff's certain frame house from its location at Tenth street and Boston avenue to a site at Ute and Delaware streets, in Tulsa; that Hendricks "was negligent and failed to move said house in a skilled and workmanship manner, was negligent in using equipment with which he was unfamiliar and also failed to provide cross-timbers and braces for the weight of said house to rest upon"; and that, as a result of said negligence, the house, while in course of being moved, "fell to the street five times" and thereby was damaged in certain respects stated. He further alleged that, by reason of the defendant Hendricks having executed the bond aforementioned, with the defendant Hartford Accident & Indemnity Company as surety thereon, said bond inured to plaintiff's benefit and covered the damage alleged in his petition; that the damage amounted to $1,950, for which both Hendricks and the surety on his bond were liable. The two sections of the ordinance (secs. 57, 58) were copied into plaintiff's petition, and a copy of the bond was attached to said petition and by appropriate allegations made a part thereof.

The bond executed by Hendricks purports to be one given as a compliance with the ordinance provisions aforementioned, and hence properly is to be classified and considered as being a statutory bond. And so being, the conditions which the ordinance (sec. 58) specifies for bonds given thereunder to contain are to be read into and made a part of said bond. New York Casualty Company v. Wallace and Tiernan, Inc., 174 Okla. 278, 50 P. (2d) 176. The ordinance (sec. 58) provides for bonds given thereunder to be conditioned that, if the license shall be granted the licensee (1) "will in all respects comply with the ordinances of the city, relating to the moving of buildings or structures and to the use or obstruction of the streets, highways, and other places of said city," (2) that said licensee will save, indemnify and protect the city from all liability which may arise or be occasioned either directly or indirectly from the moving of any building or structure by said licensee, his agents, servants, employees, workmen, contractors or subcontractors"; and further conditioned that said licensee (3) "shall pay all damages which may be caused or occasioned to any person or to any property, either public or private, within the city of Tulsa, by said licensee or his agents, servants, employees, workmen, contractors or subcontractors while engaged in any work in connection with the moving of any building or structure. including any loss or damages which may be sustained because of the stoppage of any business or industry located along the route over which said building or structure shall be moved, caused or occasioned by the operation of moving such building or structure."

It appears that of the conditions aforementioned, the following, viz., "that said licensee shall pay all damages which may be caused or occasioned to any * * * property, either public or private, within the city of Tulsa, by said licensee or his agents, servants, employees * * * while engaged in any work in connection with the moving of any building or structure, * * *" is relied upon by the plaintiff as being sufficient in scope and effect to bring within the coverage of the bond the damage which he alleges was done to his house. We do not believe, however, that the language quoted warrants that interpretation. We think, after considering said language together with that which follows, viz., "including any loss or damages which may be sustained because of the stoppage of any business or industry located along the route over which said building or structure shall be moved, caused or occasioned by the operation of moving such building or structure," that the condition under consideration related, with regard to property damage, only to damages caused or occasioned to property located upon or along the route over which a building or structure is moved, and that said condition is without relation to damages done by the licensee, his agents, servants, or employees to the building or structure being moved.

The plaintiff in error, Hartford Accident & Indemnity Company, has assigned as error that the trial court erred in overruling its demurrer to the plaintiff's petition, and that said court erred in overruling its motion for a directed verdict. Our views heretofore expressed lead us to the conclusion that said assignments are well founded. In this situation it becomes unnecessary to consider the other assignments of error which have been presented.

The judgment of the lower court, so far as relates to the Hartford Accident & Indemnity Company, is hereby reversed and the cause remanded, with directions to vacate and set aside the judgment and dismiss the plaintiff's action, as against said company. Reversed and remanded, with directions.

OSBORN, C. J., and PHELPS, CORN, and HURST, JJ., concur.