## U. S. FIDELITY & GUARANTY CO. v. COOK et al.

No. 13349—Opinion Filed Oct. 7, 1924.

Rehearing Denied Dec. 30, 1924.

### 1. Principal and Surety—Liability on Contractor's Bond for School Building.

The syllabus in Klein v. Beers, 95 Okla. 80, 218 Pac. 1087, is adopted as the syllabus in this case.

### 2. Same—Recovery for Labor and Material—Judgment Sustained.

Record examined; held, to be sufficient to support judgment in favor of the plaintiffs; further held, that as the bond was good and sufficient under the law, the judgment to the extent of undertaking to reform the bond was harmless.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by C. Cook et al. against the U. S. Fidelity & Guaranty Company of Baltimore, Md., for recovery on surety bond. Judgment for plaintiffs. The surety company appeals. Affirmed.

H. B. Martin and R. A. Reynolds, for plaintiff in error.

Owen, Yancy & Fist, Aby & Tucker, Fred Kopplin, Hagan & Gavin, and Conner & Tallman, for defendants in error.

Opinion by STEPHENSON, C. The board of education of the city of Tulsa entered into a written contract with the Latimer Rouch Construction Company for the erection of certain school buildings in the city of Tulsa. The written contract between

the board of education and the construction company provided that the construction company should furnish the material and labor at its cost and expense for the construction of the buildings. The builder executed and delivered its statutory bond pursuant to section 7486, Comp. Stat. 1921, for which the U. S. Fidelity & Guaranty Company became surety. The section requires public officers who enter into a contract with another for the construction of public buildings to require the builder to furnish a bond in not less than the sum total of the contract price, conditioned that the contractor shall pay all indebtedness incurred for labor or material furnished in the construction of the buildings. The obligations of the statutory bond as executed and delivered read in part as follows:

"Now, therefore, the condition of this obligation is such that if the said principal shall faithfully **perform said contract** (and pay all claims which might be the **basis of liens**), then this obligation shall be void; otherwise, to remain in full force and effect."

The surety company guaranteed the performance of the following conditions by the terms of the bond: 1st, that the builder would faithfully perform its contract with the owner for the construction of the school buildings; and, 2nd, that he would pay all claims which might become the basis for liens.

The contractor promised the school board by the terms of its written agreement that it would furnish the material and labor in the construction of these buildings at its cost and expense; the surety company bound itself for the faithful performance of this condition by the terms of the bond.

The builder failed to pay several claims for material and labor, and the claimants commenced their action on the bond for recovery against the builder and surety company. The plaintiffs, having in mind the case of Hutchinson v. Krueger, 34 Okla. 23, 124 Pac. 591, 41 L. R. A. (N. S.) 315, Ann. Cas. 1914-C, 98, considered the bond as executed as being insufficient in form. The plaintiffs alleged that it was the purpose of the parties to execute a bond pursuant to section 7486, supra, and asked the court to reform the bond so as to read that the builder and surety were obliged to pay all claims for labor and material. The defendant joined issue on the question of reformation and liability. The cause was tried to the court without the intervention of a jury, which resulted in a judgment reforming the bond as prayed for, and for the amount of indebtedness sued for by the

plaintiffs. The defendant surety company has appealed the cause to this court and assigns several of the proceedings had in the trial of the cause as error for reversal here.

The defendant surety company urges that the single obligation of the bond is that the builder will pay only those claims which might become the basis for liens against the school building. The defendant asserts that as its liability on the bond could be only for those claims which might become liens, and as such claims, as are sued on herein, could never become liens against public buildings, it is not liable on the bond in this action. The defendant relies on the rules applied in the Krueger Case for the support of its contention. If the surety company was correct in the contention that the single condition and obligation of the bond was that it should be bound only for the claims which might become the basis for liens, it would not be liable.

The defendant overlooks the promise of the builder in his contract to furnish material and labor at its cost for the construction of the buildings, and that it guaranteed the faithful performance of **all the conditions** of the **builder's contract**. The failure of the builder to pay for the material and labor as is sued for herein was a breach fo the builder's contract; consequently, a breach of the surety bond according to its own provisions.

The first condition, guaranteeing the faithful performance of the builder's contract, must relate to a promise of the builder in the contract to pay for the labor and material. The bond runs in the name of the state of Oklahoma, and this is the only condition for which the bond could be liable. The first condition of the surety bond is meaningless unless it relates to a provision in the builder's contract that he shall pay for all labor and material. The breach of any other condition of the builder's contract could not breach the first condition of this bond, as the bond runs in the name of the state of Oklahoma. The first condition of the bond is a construction of the builder's contract to the effect that it does contain the promise of the builder to pay for the labor and material.

We are not concerned with the second condition of the bond as the petition of the plaintiffs shows a breach of the first condition of the bond which bound the builder to pay for all labor and material. There was only one obligation in the Krueger bond, which was that the surety company was bound to pay only the claims which might

become the basis for a lien against the public buildings. If this were true in this case, the rule applied in the Krueger Case would be applied in this case.

The questions involved in this appeal were before the court in the Kline Case which upheld a surety bond conditioned as the one sued on herein. Justice Cochran, who prepared the opinion for the court, reviewed at length the rules to be applied in the construction of surety bonds, and also the authorities relating to this question. A clear and complete analysis was made of all questions involved in the case and the rules clearly stated. We think it preferable to leave the rules alone as stated without any attempt to realize the questions of restate the rules as the standards are clearly defined by the court.

The promise of the surety to guarantee the obligation of the builder to furnish the labor and material at his cost for the construction of the buildings is, in substance, the condition provided for by section 7486, supra. The fact that an invalid obligation was added to the bond cannot affect the valid condition. This is especially true as both parties were charged with notice by law that no claim for labor or material could ever become a lien against the buildings.

As the bond contained a condition, in substance, as provided for by section 7486, supra, there was no occasion to rewrite the obligation into the bond by way of reformation in lieu of the invalid obligation relating to the payment of claims which might become liens. The judgment of the court allowing the reformation was harmless error.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.