**W. S. DICKEY CLAY MFG. CO.,**
a corporation, Plaintiff in Error,

v.

**FERGUSON INVESTMENT COMPANY,**
Inc., a corporation, M. S. Ferguson and American-First Title & Trust Company, a corporation, Defendants in Error.

No. 40272.

Supreme Court of Oklahoma.

Dec. 31, 1963.

Johnston & Johnston, Oklahoma City, for plaintiff in error.

Barefoot and Moler, by Edward H. Moler, Oklahoma City, for defendants in error.

WILLIAMS, Justice.

The principal question to be determined in this appeal is whether or not a condition in the bond of a developer of a sub-division, required by the city planning commission, to pay for materials and labor furnished, and which condition was not specifically provided for either in the statute or in the ordinance authorizing such commission to accept such bond, is enforceable in suit brought by a lien claimant.

Plaintiff in error, hereinafter called plaintiff, initiated the action from which this appeal arises against defendants in error, Ferguson Investment Company, Inc., and M. S. Ferguson, hereinafter called Ferguson, and American-First Title & Trust Company, a corporation, hereinafter called American First, to recover the balance owing it for materials furnished to Concho Construction Co., hereinafter called Concho.

In plaintiff's amended petition, in pertinent part, it is alleged that on or about February 22, 1961, Ferguson undertook to subdivide and plat a tract of land in Oklahoma City and as a part thereof, to construct and install certain improvements and utilities; that in connection with such subdivision Ferguson as principal and American-First as surety executed a subdivision bond pursuant to the provisions of 11 O.S.1951 § 1425, Section 13.1.07 of the Revised Ordinances of the City of Oklahoma City, 1960, and paragraph VII of the duly adopted and published rules and regulations of the Oklahoma City Planning Commission; that such bond was conditioned that Ferguson would, within two years, install and complete all improvements and utilities in such subdivision and pay all bills for contractors, sub-contractors, and labor and materials incurred in completion thereof; that Concho entered into a contract with Ferguson to construct and install certain utilities; that plaintiff sold and delivered to Concho certain materials used in the construction thereof; that $1,658.86 of the cost of such materials remained due to plaintiff and unpaid by Concho.

The trial court sustained the general demurrer of Ferguson and American-First to plaintiff's amended petition and dismissed the action.

For reversal plaintiff advances three propositions. The first is: "A general demurrer lies only when the entire petition taken as a whole fails to state a cause of action."

Plaintiff contends that it alleged "three separate and distinct governmental requirements pursuant to which the bond was executed"; that Ferguson and American-First in their brief in the trial court "having specifically limited their objection to only one, [the statute] admit the other two" (the ordinance and the rules and regulations of the planning commission); and that a "petition showing plaintiff is entitled to any

relief is good as against a general demurrer and the demurrer should be overruled."

The statute, 11 O.S.1951 § 1425 in pertinent part, provides:

"Before exercising the powers referred to in Section 13, the planning commission shall adopt regulations governing the subdivision of land within its jurisdiction. Such regulations may provide for the proper arrangement of streets in relation to other existing or planned streets and to the master plan, for adequate and convenient open spaces for traffic, utilities, * * *.

"* * * The regulations or practice of the commission may provide for a tentative approval of the plat previous to such installation; but any such tentative approval shall be revocable for failure to comply with commitments on which such tentative approval was based, and shall not be entered on the plat. In lieu of the completion of such improvements and utilities prior to the final approval of the plat, the commission may accept an adequate bond satisfactory to the commission, with surety, to secure to the municipality the actual construction and installation of such improvements or utilities at a time and according to specifications fixed by or in accordance with the regulations of the commission. * * *"

The ordinance, section 13.1.07 of the revised ordinances of the City of Oklahoma City, 1960, in pertinent part, provides:

"* * * In lieu of the completion of such improvements and utilities prior to the final approval of the plat, the Commission may accept an adequate bond satisfactory to the Commission, with surety, to secure to the City of Oklahoma City, the actual construction and installation of such improvements or utilities at a time and according to specifications fixed by or in accordance with the regulations of the Commission."

Paragraph VII of the rules and regulations of the Oklahoma City planning commission, in pertinent part, provides:

"When the plat is in final record form ready for the approval of the Commission, the request for approval will be accompanied by the following:

* * * * * *

"d. A good and sufficient. surety bond in the amount of 100% of the total cost of the improvements in accordance with the estimates required by Section c above, guaranteeing that the addition will be developed in accordance with current subdivision regulations of the Planning Commission of the City of Oklahoma City, and that paving, sanitary sewers, storm sewers, and other provisions for handling surface water will be constructed in accordance with the plans and specifications, approved by the City Engineer, and water mains will be constructed in accordance with the plans and specifications approved by the City Water Superintendent, of the City of Oklahoma City, and that the *developer will guarantee the payment of all materials and* labor entering into the construction of said improvements." (Emphasis supplied.)

In its reply brief plaintiff states: "It is not disputed that the bond in question is a statutory bond and we agree with defendants that the general rules in respect to construction of statutory bonds as set forth on pages 6 and 7 of defendants' brief are recognized as the generally accepted and established rules pertaining to the construction and enforcement of statutory bonds."

The language of the ordinance and the statute is identical except that in the former the words "City of Oklahoma City" are substituted for the word "municipality".

■■ Therefore, contrary to argument of the plaintiff of which note was made hereinabove, if the condition of the bond in question inserted pursuant to the above-emphasized portion of rule VIId is not authorized by the language of the statute,

it is likewise not authorized by that of the ordinance. The city planning commission has only such power and authority as are delegated to it by the statute and the ordinance. In 42 Am.Jur., Public Administrative Law, § 99, p. 428, is the following:

"Administrative rules and regulations, to be valid, must be within the authority conferred upon the administrative agency. * * * The statute which is being administered may not be altered or added to by the exercise of a power to make regulations thereunder. A rule which is broader than the statute empowering the making of rules cannot be sustained. Administrative authorities must strictly adhere to the standards, policies, and limitations provided in the statutes vesting power in them. Regulations are valid only as subordinate rules and when found to be within the framework of the policy which the legislature has sufficiently defined. It is a wholesome and necessary principle that an administrative agency must pursue the procedure and rules enjoined upon it by the statute creating it, and show a substantial compliance therewith, to give validity to its action. Administrative regulations which go beyond what the legislature has authorized have been said to be void and may be disregarded. Other cases say that such regulations are invalid. * * * "

We do not regard plaintiff's proposition one as being well taken.

Plaintiff's second proposition is: "The planning Commission of the City of Oklahoma City was acting within the scope of its delegated authority in prescribing the form and substance of the bond."

Plaintiff contends that "The first sentence of 11 Okl.St.Ann. 1425 specifically states that the Planning Commission shall (and this is a mandatory direction) adopt regulations governing the subdivision of lands within its jurisdiction. Farther on in the same section, the legislature prescribes that the bond shall be satisfactory to the commis-

sion. In 11 Okl.St.Ann. 1430 the legislature provided that the Planning Commission should have exclusive jurisdiction over the plats within its territory. A reading of these two sections of the statute leads us to only one reasonable and logical conclusion. That is, that the legislature * * * deemed it advisable to provide that a subdivision bond shall be acceptable to the commission and leaving to the commission the power to prescribe the form and substance of the bond." Plaintiff argues that it was not the intent of the Legislature "to limit the protection of the bond to the municipality alone." We do not agree.

The statute and the ordinance provide that in lieu of the completion of improvements and utilities prior to final approval of the subdivision plat the planning commission may accept an adequate bond to secure to the municipality, in this case the City of Oklahoma City, the actual construction and installation of such improvements or utilities. There is no language in the statute or in the ordinance of effect that such performance bond shall provide that the principal shall pay all bills for contractors, subcontractors, labor and materials incurred in completion of such improvements and utilities. Nor is there any language in the statute or ordinance granting to the planning commission the authority to make such requirement.

The construction of the bond should be consonant with the effectuation of the apparent purposes of the Legislature and the City Council. See Bell v. United Farm Agency, Okl., 296 P.2d 149.

There can be no doubt of the intention of the Legislature and the City Council of Oklahoma City in enacting the statute, 11 O.S.1951 § 1425, and the ordinance, 13.1.07, respectively. It is the responsibility of the planning commission to fix the time within which improvements and utilities are to be completed according to previously approved specifications. The purpose of the bond is to provide the municipality with security that the improvements and utilities will be completed according to such specifications.

In Applications of Oklahoma Turnpike Authority, Okl., 277 P.2d 176, 182, we said:

"The general rule is that all legislative enactments must be interpreted in accordance with their plain ordinary meaning according to the import of the language used. See Loeffler v. Federal Supply Company, 187 Okl. 373, 102 P. 2d 862." See also City of Duncan ex rel. Board of Trustees of Police Pension and Retirement System v. Barnes, Okl., 293 P.2d 590.

We conclude that the Planning Commission of Oklahoma City was not authorized to require condition in subject bond that all contractors, sub-contractors, labor and material should be paid.

Plaintiff's last proposition is that "a corporate surety for hire is bound by the contract it makes". Plaintiff contends "that the surety voluntarily entered into the indemnity contract and was fully aware that its principals and itself were bound unto all laborers and materialmen for any and all amounts due and had the surety not desired to have become bound unto laborers and materialmen, it could have refrained from executing the bond. However, once it has done so and has accepted the premium, the surety cannot escape its express liability on the grounds that it was not within the contemplation of the parties and for the further reason that the conditions contained in the bond were in excess of those prescribed by statute, if such was the case."

In its petition plaintiff does not allege that it furnished Concho materials in reliance upon the rules of the planning commission requiring the developer to guarantee the payment for such materials, nor does plaintiff allege that it supplied such materials as a result of the execution of the bond by Ferguson and American-First.

In the case of Bynum v. Western Surety Co., Okl., 323 P.2d 972, 975, this Court said:

"It is not disputed that contracts of sureties are strictissimi juris and that sureties are not bound beyond the strictest terms of their commitment and that their liability cannot be extended beyond the terms of their contract".

In the case of Lowe v. City of Guthrie, 4 Okl. 287, 44 P. 198, 200, it was stated:

" * * * In the absence of anything appearing to show a different intention in the giving of a statutory bond of a public officer, it will be presumed that the intention of the parties was to execute such a bond as the law required; and, although its terms may bear a broader construction, the liability of the sureties will be confined to the measure of liability as contemplated by the law requiring such bond. A bond which contains the conditions required by statute, and also conditions in excess of those specified by statute, is valid, so far as it imposes obligations authorized by the statute; but the stipulations which are in excess of it may be rejected as surplusage. Murfree, Off. Bonds, § 61." See also Bynum v. Western Surety Co., supra.

Since neither the statute nor the ordinance contemplated requiring the developer to guarantee payment for labor and materials entering into the construction of improvements and utilities, we conclude and hold that such condition of the instant bond is invalid and beyond the scope of the statute, ordinance and authority of the city planning commission and grants no cause of action to anyone suing on such provision.

In the syllabus of case of Murray v. Link Oil Co., Okl., 353 P.2d 1111, we held:

"Where the petition of the plaintiff and the exhibits attached thereto, together with inferences that may be legally drawn therefrom, fail to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, it is not error for the trial court to sustain a demurrer thereto."

Affirmed.