Pharmacy Board — Intern Program — Requirements The Board of Pharmacy is not authorized under 59 O.S. 353.1 [59-353.1] through 59 O.S. 353.27 [59-353.27] [59-353.27] (1961), to require membership in a State or National Association related to the pharmaceutical profession, or attendance at meetings of such association, as a condition precedent to an otherwise qualified and registered pharmacist's participation in an Intern Training Program. The Attorney General has had under consideration your letter request for an opinion regarding a point rating program introduced by the State Pharmacy Board in connection with an Intern Training Program. You enclosed a copy of a form used by the Board for the purpose of rating pharmacies. It provides for a point rating system. A maximum of 100 points are obtainable. In it, a total of 34 points are obtainable in respect to items 6 through 9 on the basis of whether or not the pharmacist participates in the Oklahoma Pharmacy Association or attends National Pharmaceutical meetings or is a member of the National Pharmaceutical Association. It is impossible to achieve an (A) rating (requiring 85 points) even if maximum point credit is given in respect to items numbered I through S and item 10. The form contains the following provision: "ONLY STORES THAT RECEIVE AN (A) RATING AND THAT FILL AT LEAST 5,000 prescriptions per year will be designated as suitable for intern training programs and only then when the committee of the program feel that the best interest of the intern will be served." You ask: "I therefore request the opinion of the Attorney General of the State of Oklahoma on the question of whether the Oklahoma State Pharmacy Board has the power to require membership in the State Pharmacy Association or National Pharmacy Association, or requiring attendance at the Oklahoma State Pharmacy Convention, or a National Pharmaceutical Convention, as conditions precedent to participating in the pharmacy intern training program. I would specifically like to know if this is within the authority delegated to them by the Legislature and the relevant statute setting up the Oklahoma State Pharmacy Board." Title 59 O.S. 353.1 [59-353.1] through 59 O.S. 353.27 [59-353.27] (1961), cover the statutory authorization for the creation of the State Board of Pharmacy and prescribe its powers, duties and responsibilities. Subsection (f) of Section 59 O.S. 353.7 [59-353.7](f) authorizes and empowers the Board: "To prescribe minimum standards with respect to floor space and other physical characteristics of pharmacies, as may be reasonably necessary to the maintenance of professional surroundings and to the protection of the safety and welfare of the public; . . . ." Subsection (1) of said Section authorizes the Board: "To adopt and establish rules of professional conduct appropriate to the establishment and maintenance of a high standard of integrity and dignity in the profession of pharmacy. . . ." The Board issues and uses the form referred to in rating or evaluating a pharmacy with respect to the condition of its premises, the type and condition of pharmaceutical equipment used by the pharmacist, and its general operations, under the authority of the quoted sections. However, the Act does not authorize the Board, expressly or by necessary implication, to require a pharmacist to be or become a member of a State or National Association of Pharmacists, or to make any determinations with regard to the status of any pharmacy by reason of such membership, or lack thereof, or by reason of a registered pharmacist's attendance or non-attendance at any meetings of such associations. You have raised no question regarding, nor do we herein deal with, the authority of the Board to establish an Intern Training Program. The rule generally applicable is well stated in 73 C.J.S. Public Administrative Bodies and Procedure, Section 94, at pages 414 and 415, as follows: "A public administrative body may make only such rules and regulations as are within the limits of the powers granted to it and within the boundaries established by the standards, limitations, and policies of the statute giving it such power, and it may go no further than to make administrative rules and regulations which fill in the interstices of the dominant enactment. It may make only rules and regulations which effectuate a law already enacted, and it may not make rules and regulations which are inconsistent with the provisions of a statute, particularly the statute it is administering or which created it, or which are in derogation of, or defeat, the purpose of a statute, and it may not, by its rules and regulations, amend, alter, enlarge, or limit the terms of a legislative enactment." In W. S. Dickey Clay Mfg. Co. v. Ferguson Inv. Co., (Okl.)388 P.2d 300 (1963), the Oklahoma Supreme Court, in the first paragraph of its syllabus, held: "It is essential to the validity of administrative rules and regulations that the agency making same be fully authorized to do either by statutory provision or implication." In the case of Boydston v. State of Oklahoma, (Okl.) 277 P.2d 138
(1954), the Oklahoma Supreme Court, in the first paragraph of its syllabus, held: "Generally, when boards or commissions are created by statute, their powers are limited to those granted by the applicable statute, which may not be enlarged by the board itself." Applying these rules and decisions to the situation posed by your question clearly establishes that the Board's fixing of standards not provided for by law, and not consistent with the authority vested in the Board as a condition precedent to participation in a program instituted by the Board is impermissible. Accordingly, it is the opinion of the Attorney General that your question must be answered in the negative, in that the Oklahoma State Board of . Pharmacy is not empowered or authorized to require membership in an association or attendance at meetings or conventions of any association as a condition precedent to a pharmacist's participation in an Intern Training Program, nor is this practice within the authority delegated to the Board by the Legislature or the relevant statute setting the Board. (Carl G. Engling)