Dear President Sipes,
The Attorney General has considered your request for an opinion wherein you ask the following question:
Can the Board of Chiropractic Examiners under Article IV of itsrules and regulations approve of (or delegate authority to) :
 1) The Oklahoma Chiropractic Educational Commission establishing afee in excess of actual expenses?
 2) After payment of expenses, prorating any excess to stateChiropractic associations?
The State Board of Chiropractic Examiners is vested with the responsibility of issuing annual renewal licenses to those chiropractors who comply with the annual continuing education requirements of 59 O.S. 164c (1972). That statute provides in part:
 ". . . before such chiropractic renewal license may be issued the licensee shall present to the Board (a) satisfactory evidence that in the year preceding the application for renewal said licensee attended two (2) days or more of an educational or postgraduate program theretofore approved by the Board, (b) satisfactory evidence that he was unavoidably prevented, by sickness or otherwise, from attending such educational or post-graduate program. . ." (Emphasis added)
Pursuant to this section the Board is vested with the authority to approve educational or postgraduate programs as acceptable for the purpose of obtaining continuing education credits. By necessary implication it also has the authority to withhold approval of such programs.
Article IV of the Rules and Regulations of the Oklahoma Board of Chiropractic Examiners concerns approval of such educational programs. Article IV, Section 402 concerns the Oklahoma Chiropractic Educational Commission and specifies that the same be appointed by the Board, serve in an advisory capacity to the Board, and conduct educational programs. Article IV, Section 402 provides in subsection (4) that the Board approve registration fees for these programs, and subsection (6) provides that the surplus of fees received over actual expenses be distributed on a pro rata basis to the professional associations, as designated annually by the doctor attending such program.
An organization which sponsors educational programs is not faced with a legal impediment to charging a fee for such a program in excess of the actual cost of that program, nor would it be improper for such an organization to disburse the surplus of fees received over actual expenses to the different associations as designated by the attending doctor. The Oklahoma Chiropractic Educational Commission, however, has been created by the Board and its functions, fees, and disbursement of surplus funds are dictated by the rules promulgated by the Board. Its stated purpose, as set out in Article IV, Section 402 of the Rules and Regulations of the State Board of Chiropractic Examiners is . . . "to conduct educational programs for license renewal . . ." While the Commission does not receive state funds nor has the power under the rules to obligate the Board, it is nonetheless an adjunct of the Board.
The only power the Board has concerning educational programs is that necessarily implied by 59 O.S. 164(c) (1972) to approve educational or postgraduate programs. It is a settled rule of law that boards and agencies created by statute may only exercise those powers granted by statute, and may not by rule extend their powers beyond those granted and fixed by statute, Boydston v. State, 277 P.2d 138 (Okla. 1956). See also Adams v. Professional Practices Commission, 524 P.2d 932 (Okla. 1974). The legislature cannot delegate authority to an administrative board to amend or subvert a statute, Oklahoma Alcoholic Beverage Control Board v. Moss, 509 P.2d 666 (Okla. 1973) and the Oklahoma Supreme Court has held that it is essential to the validity of administrative rules that he agency making such rules be fully authorized to do so either by statute or by necessary implication, W. S. Dickey Clay Mfg. Co. v. Ferguson Inv. Co., 388 P.2d 300 (Okla. 1963).
The statute concerning continuing education for chiropractic practitioners grants power to the Board of Chiropractic Examiners to approve educational programs. By necessary implication the Board is empowered to adopt reasonable rules specifying the criteria for approval of such programs. The statutes do not expressly or by implication authorize the Board to establish an organization to conduct such programs, to set the fees therefore, or to require proration of surplus funds to professional associations. Such rules in effect attempt to extend the power of the Board into an area which the legislature has not granted the Board authority to regulate.
It is, therefore, the opinion of the Attorney General that yourquestions be answered in the negative, as the Board of ChiropracticExaminers is without authority to establish, by rule, a commission toconduct educational programs, and is therefore without authority toregulate by rule the collection or disbursement of fees so received.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN GREGORY THOMAS, ASSISTANT ATTORNEY GENERAL