The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. May the Board of Chiropractic Examiners adopt rules and regulations concerning the internal procedures of the Board? 2. May the Board of Chiropractic Examiners adopt rules and regulations regulating the practices of Chiropractic under 59 O.S. 161 [59-161] et seq. (1979)? Pursuant to 59 O.S. 161 [59-161] et seq. (1971), as amended, the Board of Chiropractic Examiners is charged with the duties of examination of applicants for licensure, issuance of initial and renewal licenses to practice chiropractic, revocation or suspension of such licenses on statutory grounds, approval of continuing education seminars, and administration of the Chiropractic scholarship program established by statute. The Board is required under 59 O.S. 162 [59-162] (1972) to adopt rules and regulations for its procedure. Furthermore, the Oklahoma Administrative Procedures Act, 75 O.S. 301 [75-301] et seq. (1971), specifies in 75 O.S. 302 [75-302] that: "(a) In addition to other rule-making requirements imposed by law each agency shall: (1) adopt as a rule a description of its organization, stating the general course and method of its operations and the methods whereby the public may obtain information or make submissions or requests; (2) adopt rules of practice setting forth the nature and requirements of all formal and informal procedures available, including a description of all forms and instructions used by the agency . . ." The Board of Chiropractic Examiners must, under these statutes, adopt rules regarding its organization, operations, access to the public, and methods of internal procedure concerning the duties mentioned above. The rules of procedure must also describe the method of conducting hearings, examinations, submission of requests and information, and the forms used by the Board in its proceedings. Your first question must be answered in the affirmative as the Board not only may, but must, adopt rules concerning its internal procedures. Your second question concerns the adoption of rules regulating the practice of chiropractic. The basic principle concerning the power of an administrative board to adopt rules and regulations was expressed in W. S. Dickey Clay Mfg. Co. v. Ferguson Inc. Co., 388 P.2d 300
(Okl. 1963), wherein the Supreme Court stated: "It is essential to the validity of administrative rules and regulations that the agency making the same be fully authorized to do so either by statutory provision or by implication." The power of the Board to regulate the profession of chiropractic by rules and regulations is limited by this principle to rules and regulations authorized or necessarily implied by statute. Agencies may not, by rule making, exceed the scope of their statutory, see Adams v. Professional Practices Commission, 524 P.2d 932
(Okl. 1974). The Board of Chiropractic Examiners may adopt rules regulating the practice of Chiropractic only insofar as the authority to do so is granted or necessarily implied by the statutes concerning chiropractic. The primary power of regulation of the profession is derived from 59 O.S. 164d [59-164d] (1972). That section grants the Board the power to revoke or suspend a license to practice chiropractic on certain enumerated grounds. That statute grants no power to expand the grounds by rule or regulation beyond those enumerated. The Board does possess power to adopt reasonable rules and regulations in several areas. Among these are rules concerning the contents and nature of both the written and practical examinations under 59 O.S. 164 [59-164]; what constitutes satisfactory evidence of meeting the statutory educational requirements under 59 O.S. 164b [59-164b]; the nature and subjects of the oral interview and practical examination discussed in 59 O.S. 164b [59-164b]; rules regarding the criteria for approval of continuing education programs discussed in 59 O.S. 164c [59-164c], and what constitutes satisfactory evidence of attendance at such a program under the same section; the powers and duties of clerical, legal and investigative personnel under 59 O.S. 169 [59-169]; and rules concerning the qualifications and criteria for granting scholarships, accepting and disbursing funds for the same, and accepting and disbursing supplies and equipment made available to the Board, under 59 O.S. 170 [59-170]. Such rules and regulations must be reasonable and promulgated to carry out the intention of the legislature as expressed in the act regulating the practice of chiropractic. It is, therefore, the opinion of the Attorney General that both your questions be answered in the affirmative. Pursuant to 59 O.S. 162 [59-162] (1972) and 75 O.S. 302 [75-302] (1971) the Board of Chiropractic Examiners must adopt rules and regulations governing its internal procedures. The Board of Chiropractic Examiners may adopt reasonable rules regulating the practice of chiropractic as authorized or necessarily implied by statutes, provided such rules neither expand nor amend the substantive policies expressed in such statutes. (JOHN GREGORY THOMAS) (ksg)