Dear Director Edmison,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
May the Pollution Control Coordinating Board adopt a rule or regulationwhich redefines the term "pollution" although consistent with thestatutory definition provided in 82 O.S. 932.1 (1978)?
Title 82 O.S. 932.1 (1978) defines "pollution" as used in the Pollution Control Coordinating Act of 1968 as follows:
 "As used in this Act, unless a different meaning is required by the context, the following words and phrases shall have the following meanings:
 (d) `Pollution' is the presence in the environment of any substances or contaminants, including noise, in quantities which are or may be potentially harmful or injurious to human health, welfare, or aesthetic sensibilities or to property, animals or plant life."
A plain reading of the above requires the statutory definition given the term "pollution" be used unless a different meaning is required by the context of the Pollution Control Coordinating Act. Thus, enlargement of or deletion from the statutory definition is allowed only if required or necessitated by the Act.
In the case of W. S. Dickey Clay Mfg. Co. v. Ferguson Investment Co., Okla., 388 P.2d 300 (1963) the Supreme Court of this State held in their syllabus as follows:
 "It is essential to the validity of administrative rules and regulations that the agency making same be fully authorized so to do either by statutory provision or implication."
In so concluding, the Supreme Court relied heavily on 42 Am.Jur., Public Administration, 99, p. 428 which states:
 "Administrative rules and regulations, to be valid, must be within the authority, conferred upon the administrative agency. * * * The statute which is being administered may not be altered or added to by the exercise of a power to make regulations thereunder. A rule which is broader than the statute empowering the making of the rules cannot be sustained. Administrative authorities must strictly adhere to the standards, policies, and limitations provided in the statutes vesting power in them. Regulations are valid only as subordinate rules and when found to be within the framework of the policy which the legislature has sufficiently defined. It is a wholesome and necessary principal that an administrative agency must pursue the procedure and rules enjoined upon it by the statute creating it, and show a substantial compliance therewith, to give validity to its action. Administrative regulations which go beyond what the legislature has authorized have been said to be void and may be disregarded. Other cases say that such regulations are invalid."
 It is, therefore, the opinion of the Attorney General that yourquestion be answered as follows: The Pollution Control Coordinating Boardmay not adopt a rule or regulation which redefines or restricts the term"pollution" as defined by the Pollution Control Coordinating Act.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL JACKSON, ASSISTANT ATTORNEY GENERAL