Dear Dr. Fisher,
The Attorney General has received your request for an opinion wherein you ask the following questions:
"1. After October 1, 1979, should a person be issued a teachingcertificate who has been convicted of a felony, any crime involving moralturpitude or a felony violation of the narcotics laws of theUnited States or the State of Oklahoma in the preceding ten year period? Ifthe answer to the question is no, what period of time should expirebefore such person can be issued a certificate?
 "2. If an applicant holds a renewable teaching certificate issued priorto October 1, 1979, should that certificate be renewed even though he/shemay have been convicted of a felony, any crime involving moral turpitudeor a felony violation of the narcotic laws of the United States or theState of Oklahoma in the preceding ten year period prior to October 1,1979?
 "3. If a felony, a crime involving moral turpitude or a felonyviolation of the narcotics laws of the United States or the State ofOklahoma has been committed after October 1, 1979, should a person nothave his/her teaching certificate renewed? If the answer to the questionis no, what period of time should expire before such person's certificatecan be renewed?"
In order to answer these questions, reference must be made to 70 O.S. 3-104.1 (1979), which provides as follows:
 "No person shall receive a certificate for instructional, supervisory or administrative position in an accredited school of this state who has been convicted of a felony, any crime involving moral turpitude or a felony violation of the narcotic laws of the United States or the State of Oklahoma, provided the conviction was entered within the preceding ten-year period."
In construing the above provision, consideration must be given the long-standing rule of statutory construction which provides that, when the language of a statute is clear and unambiguous, such language should be interpreted in accordance with its plain and ordinary meaning. W. S. Dickey Clay Mfg. Co. v. Ferguson Inv. Co., Okla., 388 P.2d 300 (1963). In so reading 70 O.S. 3-104.1, the Legislature's intent is clearly evident that a person, first applying for a teaching certificate after October 1, 1979 (the effective date of the provision), shall not be eligible to receive the same if he or she has been convicted of a crime of the type described therein within ten years preceding the date of such person's application. Of necessary implication therefrom is the proposition that if such an applicant has a conviction within this ten year period, he or she can become eligible to re-apply for certification once ten years have elapsed from the date such conviction was rendered.
With respect to persons currently holding renewable teaching certificates issued prior to October 1, 1979, 70 O.S. 3-104.1 can be reasonably construed to apply to them also. Although such persons have already been issued a certificate, certification runs only for a stated time requiring a certificate holder to periodically be approved for certification.
However, unlike the applicants who are seeking their first teaching certificate, those already holding a renewable certificate have acquired certain property and contract rights with respect to their employment which are recognized and protected under the Fourteenth Amendment Due Process Clause of the United States Constitution. See Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) and Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Furthermore, since the provision in question is not procedural but substantive in nature and since the language thereof neither expressly nor impliedly indicates to the contrary, it must be presumed that the Legislature intended 70 O.S. 3-104.1 to have prospective application only. Benson v. Blair, Okla., 515 P.2d 1363 (1973). Therefore, even though the provision in question is applicable to those holding a certificate issued prior to October 1, 1979, considerations of fundamental fairness dictate that the convictions upon which failure to re-certify such persons can be based are limited to those rendered subsequent to October 1 and cannot include convictions entered prior to such date.
In addition, if the holder of a renewable certificate is refused renewal under 70 O.S. 3-104.1 due to a conviction occurring after the effective date of that provision, the statute would likewise require the lapse of ten years from the date such conviction was entered before the unsuccessful applicant would be eligible to seek renewal of his or her certificate.
Accordingly, it is the opinion of the Attorney General that yourquestions should be answered as follows:
 1. In light of 70 O.S. 3-104.1 (1979), a person first applying for ateaching certificate after October 1, 1979, shall not be issued the sameif such person has been convicted of a felony, and crime involving moralturpitude or a felony violation of the narcotics laws of theUnited States or the State of Oklahoma within the ten years immediatelypreceding the date of his or her application and will not be eligible forcertification until ten years have elapsed from the date such convictionwas entered.
 2. If an applicant holds a renewable certificate issued prior toOctober 1, 1979, 70 O.S. 3-104.1 (1979) requires that such person'scertificate not be renewed if he or she has been convicted of a felony,any crime involving moral turpitude or a felony violation of thenarcotics laws of the United States or the State of Oklahoma afterOctober 1, 1979. In such case, the unsuccessful applicant shall not beeligible to seek renewal of his or her certificate until ten years haveelapsed from the date of such conviction.
 3. In the case of an applicant seeking renewal of a teachingcertificate issued prior to October 1, 1979, only a criminal convictionentered after October 1, 1979, can form the basis for a denial of renewalunder 70 O.S. 3-104.1 (1979).
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
BRENT S. HAYNIE, ASSISTANT ATTORNEY GENERAL