SOONER OIL & GAS CORP., and Explorer Oil & Gas Corp., Appellants,

v.

The STATE of Oklahoma, the Corporation Commission of the State of Oklahoma and Quad Oil Co., Appellees.

No. 56057.

Supreme Court of Oklahoma.

Oct. 6, 1981.

———

Barth P. Walker, James W. George, Conservation Atty., Corp. Commission, Oklahoma City, Jan Eric Cartwright, Atty. Gen., Oklahoma City, for appellees.

4. *Yuba Heat Transfer v. Wilson, 565 P.2d 674, 676 (Okl.1977).*

5. *Flint Construction Co. v. Woods, 425 P.2d 995, 998 (Okl.1967).*

James S. Steph, Okmulgee, Charles Sublett, Tulsa, for appellants.

IRWIN, Chief Justice:

The 1980 Legislature created within the State Corporation Commission (Commission) an Administrative Review Panel (Panel). The Panel was authorized to hear such cases and perform such duties as are assigned to it by the Commission or by law.[1] On October 20, 1980 the Panel issued an order and on November 19, 1980 appellants filed their petition in error in this court challenging such order. Appellees filed a motion to dismiss alleging that appellants had not appealed the Panel's order to the Commission and without such appeal, the order is not appealable to the Supreme Court.

The issue presented is the appealability of a Panel order to the Supreme Court when such order has not been appealed to, considered, or adopted by the Commission.

Appellants rely upon Rule 26(e) of the Commission's Rules implementing the 1980 legislative enactment creating an Administrative Review Panel to sustain their contention that the Panel order is appealable to this court. Rule 26(e) provides:

"Within ten days after an Order of the Panel or Deputy is entered, any party may file a Motion for Rehearing by the Panel. If no such Motion is filed, the Order shall be deemed final and shall be adopted as the Order of the Commission. Upon filing such Motion for Rehearing, the Panel's ruling thereon shall constitute a final Order subject to appeal to the Commission."

Appellants filed their motion for rehearing by Panel but it was dismissed because it was not filed within ten (10) days after the order was issued. 17 O.S.Supp. 1980, § 22[2] authorizes an appeal to the Commission but the right of a party to perfect an appeal from a Panel order is conditioned upon his having filed a motion for rehearing by the Panel.[3]

Appellants contend that since the Panel dismissed their motion for rehearing because it was not timely filed, the dismissal would necessarily be based upon the fact that under Rule 26(e) the October 20 order became final and was adopted as the order of the Commission. Thus, argues appellants, if a party elects not to file a motion for rehearing by the Panel, an order of the Panel becomes a final order of the Commission and is appealable to the Supreme Court.[4]

As will be shown, we do not have to consider in the case at bar the general proposition that administrative rules which go beyond legislative authorization must yield to the legislative enactment.[5]

Rule 26(e) authorizes the filing of a motion for rehearing with the Panel and Rule 26(f)[6] authorizes an appeal to the Commis-

1. 17 O.S.Supp. 1980, §§ 21 A and 21 B.

2. 17 O.S.Supp. 1980, § 22 A provides:
 "Appeal of order or ruling of Panel. (A) Any aggrieved party may appeal to the Corporation Commission from a final order or ruling of the Panel within five (5) days after the final order or ruling of the Panel is adopted. The Commission shall vote on the question of hearing the appeal within ten (10) days after the filing of the petition for appeal. If the Commission does not hear such appeal, the decision of the Panel shall be adopted by the Commission at that time and shall be subject to appeal to the Supreme Court as are other final orders of Commission in such cases."

3. 17 O.S.Supp. 1980, § 23 E provides:
 "The right of a party to perfect an appeal from a judgment, order or decree of the Panel to the Commission shall be conditioned on his having filed a motion for rehearing by the Panel. No appeal may be taken until after the ruling of the Panel on the motion for rehearing."

4. 52 O.S. 1971, § 113.

5. *W. S. Dickey Mfg. Co. v. Ferguson Investment Co.*, Okl., 388 P.2d 300 (1963).

6. Commission Rule 26(f) provides:
 "Any aggrieved party who has filed a Motion for Rehearing with the Panel may appeal to the Corporation Commission from a final order or ruling of the Panel within five (5) days after the final order or ruling of the Panel is filed. The Commission shall vote on the question of hearing the appeal within ten (10) days after the filing of the petition for appeal. If the Commission does not hear

sion after such motion is adjudicated. Rule 26(f) is consistent with § 23 E[7] because under both provisions an appeal will not lie to the Commission unless a motion for rehearing is filed with the Panel and the Panel makes final disposition of the motion. Rule 26(f) and § 22 A[8] contain identical language in reference to the Commission voting on the question of hearing an appeal from a Panel order and if the Commission does not hear such appeal, "the decision of the Panel shall be adopted by the Commission at that time and shall be subject to appeal to the Supreme Court as are other final orders of the Commission in such cases."

Neither our statutes nor the Commission Rules may be construed as authorizing an appeal to the Supreme Court from a Panel order without first appealing to the Commission.

A motion for rehearing by Panel was not timely filed and appellant did not attempt to appeal the Panel order to the Commission. The Commission has not considered the appeal or adopted the panel order by not hearing the appeal. Since the Panel order is not appealable to this court without first appealing to the Commission, the APPEAL IS DISMISSED.

BARNES, V. C. J., and HODGES, LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., concur.