Dear Executive Director, Lyle R. Kelsey,
¶ 0 This office has received your request on behalf of the Board of Medical Licensure and Supervision and the Board of Osteopathic Examiners for an official Attorney General Opinion in which you ask the following question:
Does the Oklahoma Pharmacy Act, 59 O.S. 1991 Supp. 2000,§§ 353.1-366 authorize pharmacists to administer drugs tohumans?
¶ 1 Your question involves the authority given to pharmacists under the Oklahoma Pharmacy Act ("Act"), 59 O.S. 1991 Supp.2000, §§ 353.1 — 366. Specifically, you wish to know whether the Act authorizes pharmacists to administer drugs to humans. For the reasons given below, the answer is no.
 Background — Professions Authorized To Administer Drugs To Persons
¶ 2 According to the Allopathic[1] Medical and Surgical Licensure and Supervision Act, 59 O.S. 1991 Supp. 2000, §§480 — 518, administering drugs constitutes the practice of medicine, except as otherwise authorized by law: "The definition of the practice of medicine and surgery shall include, but is not limited to: . . . Any offer or attempt to prescribe, order, give, or administer any drug or medicine and surgery for the use of any other person, except as otherwise authorized by law[.]" 59O.S. Supp. 2000, § 492[59-492](C)(2) (emphasis added). Therefore, persons who are not allopathic physicians may not administer drugs unless they are granted that authority by law. Id. §§ 491, 492.
¶ 3 Besides allopathic physicians, the following are expressly authorized by the Oklahoma Statutes to administer drugs to humans: dentists (id. § 328.19(A)(8)); optometrists (id. § 581(C)); certain nurses, under the medical direction of a supervising physician (id. §§ 353.1b; 567.3a(10); 63 O.S.Supp. 2000, § 2-312[63-2-312](C)); physician assistants, under the medical direction of a supervising physician (59 O.S. Supp. 2000, §519.2[59-519.2](3)); podiatrists (id. § 142(B)(3)); and osteopathic physicians (63 O.S. Supp. 2000, § 2-551[63-2-551](C)); also, see generallyid. § 2-312). We look now to the Pharmacy Act to see whether the legislature has authorized pharmacists to administer drugs.
 The "Practice of Pharmacy" Under The Act
¶ 4 We look first to the Act's description of the practice of pharmacy, which describes the pharmacist's authorized duties and responsibilities:
"Practice of pharmacy" means:
 a. the interpretation and evaluation of prescription orders,
 b. the compounding, dispensing,[2] and labeling of drugs and devices, except labeling by a manufacturer, packer or distributor of nonprescription drugs and commercially packaged legend drugs and devices,
 c. the participation in drug selection and drug utilization reviews,
 d. the proper and safe storage of drugs and devices and the maintenance of proper records thereof,
 e. the responsibility for advising by counseling and providing information, where professionally necessary or where regulated, or therapeutic values, content, hazards and use of drugs and devices,
 f. the offering or performing of those acts, services, operations, or transactions necessary in the conduct, operation, management and control of a pharmacy, and
 g. the provision of those acts or services that are necessary to provide pharmaceutical care[.]
59 O.S. Supp. 2000, § 353.1[59-353.1](18).
¶ 5 We see that Section 353.1(18) does not include the administration of drugs by pharmacists as part of the "practice of pharmacy." Elsewhere in Section 353.1, the Act defines "administer" as "the direct application of a drug, whether by injection, inhalation, ingestion or any other means, to the body of a patient[.]" Id. § 353.1(13). Although the Act defines "administer," neither Section 353.1 nor any other provision of the Act expressly or implicitly authorizes pharmacists to administer drugs.[3]
 The Rule Describing "Pharmaceutical Care"
¶ 6 The State Board of Pharmacy ("Board"), however, has promulgated a rule stating that "[a] pharmacist may administer drugs that have been dispensed on orders from a prescribing practitioner." OAC 535:10-9-13(a) (Supp. 1999). The Board based its authority to promulgate the rule on 59 O.S. Supp. 2000, §353.1[59-353.1](18)(g), which states that the "practice of pharmacy" includes "the provision of those acts or services that are necessary to provide pharmaceutical care[.]" See Letter from Bryan Potter, Executive Director, Oklahoma State Board of Pharmacy (May 10, 2001) (on file with the Office of the Attorney General). According to the Board, administering drugs is an act or service which is included in the concept of "pharmaceutical care," and is therefore within the "practice of pharmacy." Id.
To answer your question, we must determine whether the Board's rule allowing pharmacists to administer drugs is valid.
 Analysis Of The Rule's Validity
¶ 7 The legislature has given the Board the power to promulgate rules. 59 O.S. Supp. 2000, § 353.7[59-353.7](13). Properly promulgated administrative rules have the force and effect of law. 75 O.S.Supp. 2000, § 308.2[75-308.2](C). The rule-making power of an administrative board must be exercised, however, within the confines of the board's statutory authority. A board has only the powers granted by the statutes applicable to it, and the authority to make rules to carry out those powers does not mean a board can "extend [its] powers beyond those granted and fixed by statute." Okla. Alcoholic Beverage Control Bd. v. Moss,509 P.2d 666, 668 (Okla. 1973) (quoting Boydston v. State,277 P.2d 138, 142 (Okla. 1954)).
¶ 8 Although rules may interpret and clarify the statutory powers and responsibilities given to boards, rules may not add substantive requirements or powers not expressly stated or necessarily implied in the governing statutes. "The statute which is being administered may not be altered or added to by the exercise of a power to make regulations thereunder. A rule which is broader than the statute empowering the making of rules cannot be sustained." W.S. Dickey Clay Mfg. Co. v. Ferguson Inv. Co.,388 P.2d 300, 303 (Okla. 1963) (quoting 42 Am. Jur. PublicAdministrative Law § 99 (1942)).
¶ 9 We have seen that when the legislature intended to grant other professions authority to administer drugs, it expressly gave that authority in the professions' practice statutes; that authority is missing from the Pharmacy Act. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." EthicsComm'n v. Keating, 958 P.2d 1250, 1256 (Okla. 1998) (citingCity of Duncan v. Bingham, 394 P.2d 456, 459-60 (Okla. 1964)). Here, the legislature's silence shows it did not intend to give pharmacists authority to administer drugs; therefore, the Board cannot by rule give pharmacists that authority.
¶ 10 We think the Board's rule allowing pharmacists to administer drugs to persons oversteps the Board's statutory authority. In this case, a rule saying pharmacists may administer drugs under the rubric of providing "pharmaceutical care" adds a substantive power to the practice of pharmacy. Further, the Board's rules must be "necessary for carrying out and enforcing the provisions of" the Act, federal drug laws and rules, and, in its discretion, "necessary to protect the health, safety and welfare of the public." 59 O.S. Supp. 2000, § 353.7[59-353.7](13). Here, it is not necessary for pharmacists to be able to administer drugs to carry out or enforce the provisions of the Act; nor is it necessary for the public health, safety, or welfare. We find that the rule is invalid. Therefore, to answer your question, the Pharmacy Act does not authorize pharmacists to administer drugs to humans.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Oklahoma Pharmacy Act, 59 O.S. 1991 and Supp. 2000, §§353.1-366 does not authorize pharmacists to administer drugsto humans.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DEBRA SCHWARTZ ASSISTANT ATTORNEY GENERAL
[1] "Allopathy is a method of treatment practiced by recipients of the degree of Doctor of Medicine, but specifically excluding homeopathy." 59 O.S. Supp. 2000, § 480[59-480].
[2] The Act defines "dispense" as "sell, distribute, leave with, give away, dispose of, deliver, or supply." Id. § 353.1(14). Thus, dispensing does not include administering drugs.
[3] Another act dealing with drug administration to persons, the Uniform Controlled Dangerous Substances Act, 63 O.S. 1991 Supp. 2000, §§ 2-101 — 2-608, includes pharmacists as "practitioners" but excludes them from the list of those authorized to administer controlled dangerous drugs. Id. §§ 2-101(32)(a)(8); 2-312.